BORGMAN *v.* BULTEMA.

1. STIPULATIONS—POWER OF COURT TO RELIEVE FROM—APPEAL AND ERROR.

> The court has power to relieve a party from a stipulation upon a showing of sufficient cause; and it is within the discretion of the court to set aside stipulations of attorneys relating to the conduct of a pending cause where their enforcement would result in injury to one of the parties, and the other party would not be materially prejudiced by their being set aside.

2. SAME—APPEAL AND ERROR—DISMISSAL—RELIEF FROM STIPULATION.

> Upon sufficient showing by affidavit by defendants' attorneys of proper diligence, and that it was a physical impossibility to prepare the case for presentation to this court at the present term, although it had been stipulated between counsel for the parties so to do, plaintiffs' motion for an order placing it upon the docket of this court for the present term or dismissing defendants' appeal is denied but with permission to renew motion to dismiss if the case is not seasonably placed in condition for hearing at the next term of this court.

Bill by William Borgman and others against Harry Bultema and others for an injunction. On motion of plaintiffs to dismiss an appeal. Submitted October 12, 1920. (Calendar No. 29,411.) Motion denied October 20, 1920.

*Harris E. Galpin* (*Matt N. Connine*, of counsel), for plaintiffs.

*Stephen H. Clink*, for defendants.

STONE, J. This case is before this court upon motion of the plaintiffs and appellees for an order placing it upon the present October term docket of this court for argument, *or* for an order dismissing the appeal of the defendants herein for the following reasons:

(1) That said cause is not now upon the docket of this court for the present October term, because of the neglect of the said defendants, appellants, and failure on their part to comply with the terms of certain stipulations entered into by them, and of record in this court.

(2) Because of the fact that under all of the circumstances connected with the cause and its appeal, the plaintiffs are entitled to have this cause promptly tried and determined, *or* to have this appeal dismissed.

(3) Because of the fact that there has not been

paid to the clerk of this court, within the time limited by rule, the necessary filing fee.

The motion is based upon the records and files in the cause, and upon the affidavit of counsel and the certificate of the circuit judge. The motion was made on October 4, 1920, and noticed for hearing upon the 12th day of October. The bill of complaint in the cause was filed in the Muskegon circuit court in chancery, in December, 1919. The final decree was entered and filed on the 12th day of April, 1920; and the claim for appeal was filed by the defendants on the 28th day of April, 1920. The testimony was ordered seasonably by the defendants, and time to settle the case was extended from time to time by the court below until the 15th day of August, 1920.

On the 5th day of August defendants caused to be filed in this court their petition asking for a writ of mandamus to be directed to the circuit judge to enter an order further extending the time within which to prepare a case for settlement in said cause. By order of this court an alternative writ of mandamus was issued commanding the circuit judge to enter an order to extend the time within which to prepare a case for settlement to and including the first day of September, 1920, or that the circuit judge show cause why a peremptory writ of mandamus should not be issued. Time was extended by the circuit judge to September 1, 1920, on August 7, 1920. Thereafter, on the 30th day of August, 1920, the defendants caused to be brought on before the circuit court a motion asking for an order further extending the time within which to prepare a case for settlement. On the argument of this motion counsel for plaintiffs offered to opposing counsel to stipulate a reasonable extension of time upon the conditions that the defendants stipulate that this cause might be brought on for argument at the October (1920) term of this court, and that it be

placed on the October term calendar, and waiving notice thereof. Stipulations were thereupon filed to that effect. We quote from the first stipulation, which contains the substance of all of the stipulations. After the title of the court and cause that stipulation reads as follows:

"In this cause the time within which the defendants may procure a settlement and signing of a case in this cause and to take such other steps necessary to complete an appeal therein, expiring on the first day of September, 1920, it is hereby stipulated and agreed by and between the said parties, by their respective attorneys, that the time within which said defendants may procure a settlement and signing of said case, be extended to and including the 8th day of September, 1920, and that this cause shall be placed upon the calendar of the October term of the Supreme Court and shall be brought on for argument at said term, the said defendants waiving notice of argument thereof." Dated August 30, 1920, and signed by counsel for the respective parties.

The case was finally settled and signed on September 8, 1920. It was filed with the clerk of the circuit court upon the 18th day of September, 1920, and the return made and a manuscript case as settled (together with the pleadings constituting the record in the case) was filed with the clerk of this court on October 1, 1920.

It would seem that the provisions of section 11 of Circuit Court Rule No. 66, and section 24 of chapter 50 of the judicature act (3 Comp. Laws 1915, § 13759) were complied with in perfecting the appeal to this court.

In resisting the present motion in this court one of the attorneys for the defendants filed an affidavit stating that at the time of the settling of said case certain amendments were proposed by the attorney for plaintiffs to the case on appeal, which were agreed to but were not then incorporated into the case, since

said amendments were lengthy, and that it was agreed that the said amendments might be inserted in said case, as agreed upon, on deponent's return to the city of Muskegon from Niles, Michigan, where the case had been settled and signed by Judge White, the circuit judge who heard the case below and entered the decree; that deponent after the settling of said case caused to be inserted the amendments as agreed upon and certified to by the said circuit judge; and filed said case on appeal with the clerk of the circuit court on September 18, 1920, which was within the time required by rule; that deponent did not file said case on appeal at an earlier date because it was necessary to retain the same in his possession for the purpose of completing the amendments therein, and of making copies of certain exhibits therein contained. Counsel gives as a reason for retaining certain of the original files in his possession (which is complained of by plaintiffs' counsel), the fact that there were necessary to be sent to the printers copies of the pleadings, and that said files were promptly returned to the clerk of the circuit court; that the filing fee for entering the return of this cause in this court was received by the clerk of this court on the first day of October, 1920, as appears by the written acknowledgment received by the attorney for the defendants from said clerk, and that said fee was paid within the time prescribed by rule; that this deponent sent a copy of said record immediately to the Michigan Brief & Record Company of Detroit, Michigan, for printing, which company had for several years printed all of said attorney's records, and that he especially stated to said company that it was necessary to have said record printed immediately, since the only way an extension of time to settle said case had been procured was by stipulating that said case might be heard in the October term of this court, and that deponent

received a communication from said company stating that it would be impossible to print a record within the time prescribed by rule, to have same filed with this court, and that on account of the condition of the labor market and the limited supply of Mergenthaler operators their production had been curtailed; that the said company is able to furnish the printing of records and briefs far more expeditiously than any of the local printers, and that it was with the idea of having said record printed within the shortest time possible and with the greatest care, that said record was sent to said company rather than submitted to any concern in Muskegon; that counsel have acted without any negligence in the taking of the steps connected with the settling of said case and preparation of the same for this court, and have worked diligently upon the same under burdensome circumstances. It is further stated in said affidavit that the failure to have the said case upon the calendar of this court for this term is not due to any neglect upon the part of the deponent or the attorneys for defendants, but that it is an utter impossibility to have the same placed thereon when sufficient time is not given to have even the record of said case printed; that all steps taken in connection with said case have been diligently and promptly taken and within the rules and statutes prescribed, but that it is a physical impossibility to comply with the terms of said stipulations. The facts stated in said affidavit are substantially uncontradicted.

From an examination of the affidavits on file, we are not prepared to say that the defendants' counsel have been guilty of any negligence or lack of diligence in preparing this case for a hearing here. We have looked into the record on file in the office of the clerk of this court sufficiently to become satisfied that the case is one of unusual importance to the parties. The

record contains about 360 pages of typewritten matter. It appears from the pleadings that a serious schism has arisen in the First Christian Reformed Church of Muskegon. The bill was filed to restrain the defendants from acting, or claiming to act, as the minister and consistory (consisting of the elders and deacons) of the said First Church, and from holding, managing and controlling the real estate, consisting of church property of the value of upwards of $30,000, as such minister and consistory, and from performing the duties of their respective offices, on the theory that they had been duly and legally removed from their respective offices, and consequently have no lawful right to further act in that respect.

It is the claim of the plaintiffs that the defendants have been duly and legally deposed and removed from their offices of minister, deacons and elders of said First Church in accordance with the established usages of the Christian Reformed Church, and that consequently they have no further right to control the property of said First Church, or to exercise the privileges and functions of their respective offices. On the other hand, defendants insist that they were duly elected, and never have been legally deposed from their respective offices, and that consequently they have the legal right to act as the governing body of said First Church and to conduct worship therein, and to perform the duties of their respective offices.

The vital question is whether or not defendants have been legally deposed from their respective offices in accordance with the laws and usages of said Christian Reformed Church. The learned circuit judge who heard the case filed a lengthy opinion therein sustaining the claim of the plaintiffs, and granted the relief prayed for by them. An appeal bond in the sum of $3,000 was approved and filed.

We are unable to say that substantial justice will be

done in dismissing the appeal in this case at the present time. To get the case in readiness for hearing at the present term of this court is a physical impossibility. That the stipulations were entered into by counsel for the respective parties in good faith we have no reason to doubt. Are the defendants so bound by the stipulations as to warrant the dismissal of the appeal? As a general proposition it may be said that the court has power to relieve a party from a stipulation upon a showing of sufficient cause; and it is within the discretion of the court to set aside stipulations of attorneys relating to the conduct of a pending cause where their enforcement would result in injury to one of the parties, and the other party would not be materially prejudiced by their being set aside. They may be set aside where it would be inequitable to enforce them, and where they were entered into under a mistake as to a fact, or circumstances connected with the subject-matter; and where facts subsequently developed show that the stipulations were inadvertently made, relief will be granted. 36 Cyc., p. 1294 *et seq.* 25 R. C. L., p. 1099.

The case is not an old one, and the questions involved are of such importance to the parties in interest as to warrant a thorough preparation for its argument and submission. This cause should, by defendants, under the rules of court, be seasonably placed in condition for hearing at the next term of this court, and in default of so doing counsel for plaintiffs may renew their motion to dismiss the appeal. Under the circumstances this motion is denied, but without costs to either party.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.