POWERS & COMPANY, INC., *v.* AMERICAN SOCIETY OF TOOL ENGINEERS.

ON REHEARING.

1. APPEAL AND ERROR—STATEMENT OF REASONS AND GROUNDS FOR APPEAL—STATEMENT OF QUESTIONS INVOLVED—QUESTIONS REVIEWABLE.

Errors, claimed by appellant, but not included in its statement of reasons and grounds for appeal nor raised in the statement of questions involved in its brief will ordinarily not be considered by the Supreme Court (Court Rule No 66, § 3; No 67, § 1 [1945]).

2. SAME—AMOUNT OF JUDGMENT—STATEMENT OF REASONS AND GROUNDS FOR APPEAL—STATEMENT OF QUESTIONS INVOLVED.

Whether or not amount of judgment entered for plaintiff by trial court was correct is not determined by Supreme Court, where question as to correctness of amount was not presented either by appellant's statement of reasons and grounds for appeal

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur, Appeal and Error § 695.

or by the statement of questions involved in its brief, and judgment, as entered in amount agreed to by counsel in open court, is affirmed, where determined to have been rightly entered for plaintiff (Court Rule No 66, § 3; No 67, § 1 [1945]).

Appeal from Wayne; Webster (Arthur), J. Submitted January 3, 1956. (Docket No. 8, Calendar No. 46,554.) Decided April 2, 1956. Submitted on rehearing June 13, 1956. Decided October 1, 1956.

Action by Powers & Company, Inc., a Michigan corporation, against American Society of Tool Engineers, a Michigan corporation, for commissions under advertising contract. Judgment for plaintiff. Defendant appeals. Affirmed on rehearing.

*Charles W. Bishop,* for plaintiff.

*Clyde L. Fulton* (*Frederick O. Knauer,* of counsel), for defendant.

ON REHEARING.

BLACK, J. (*concurring in result*). By application for rehearing we are confronted with a formal and unmodified pretrial statement* filed in the cause 3 months prior to trial. It calls for affirmance of the judgment below, rather than remand for ascertainment of the amount of plaintiff's damages, and we hasten on strength thereof to amend the previously determined result of this case. This should be done if for no other reason than that of fairness to the trial judge whose obligation to award judgment in an amount certain, if plaintiff be entitled to recover at all, became fixed prior to his assuming control of the case by an order of court that remains untouched.

---

* The pretrial statement is printed as an appendix to plaintiff's application for rehearing. No part of it appears in the record and no reference thereto was made in original briefs.

The conference evidenced by such statement was duly conducted by Circuit Judge Frank FitzGerald of the third circuit. At conclusion of the conference Judge FitzGerald prepared, signed and filed the statement. It is both comprehensive and concise, and we commend its form. With due clarity it proceeds to settle, under the heading *"Damages Claimed,"* the following matter of present interest:

"It is conceded by the parties that, if liability is established, the amount of damages due the plaintiff is $11,436.40."

Unlike a stipulation,* from which, if the circumstances be necessitous, relief can be granted as a matter of judicial discretion (*Borgman* v. *Bultema,* 212 Mich 70), a pretrial statement if not modified "at or before the trial" becomes an adjudication of matters and issues that are settled on the face thereof. Our Court Rule No 35 (1945) is peremptory and plain. It says that such pretrial statement "shall control the subsequent course of the action." The statement thus becomes an order of court, and it must be accorded faith and credit as such if we are to maintain due integrity of pretrial proceedings.

Reference is made to the annotation "Binding effect of court's order entered after pretrial conference" (22 ALR2d 599), and to *Miles Laboratories* v. *Seignious* (ED S. C.), 30 F Supp 549, 553, 554, where it was said:

"When the parties to the cause, through their attorneys, come before the court for a pretrial hearing, and an admission or agreement as to a factual issue is there made, and carried into effect by an order of the court, then, unless the order be modified thereafter by the court, that issue stands as fully

---

* The stipulation, to which we referred in division "Third" of our original opinion, was of course that which is recorded (page 398 of report) in the accepted statement of facts.

determined as if adjudicated after the taking of testimony."

The presently considered pretrial statement determines that, if liability of the defendant be adjudged, the plaintiff's damages shall be assessed at the sum of $11,436.40.[*] We cannot for above-stated reason and in the absence of reviewable attack thereon disturb the determination of amount it makes. Reiterating our original determination that plaintiff "is entitled to recover the apportioned value of its services rendered prior to December 7, 1949," and considering the belatedly-submitted pretrial statement, it is ruled on granted rehearing that the recoverable value of plaintiff's aforesaid services was duly and finally determined by the pretrial statement and that the judgment entered below should be and therefore is affirmed, with costs to plaintiff.

This case pointedly suggests advisability of inclusion in settled record of the pretrial statement if such has been filed and left intact through trial. The statement may well become of greater moment than pleadings or stipulations of the parties and there is no occasion for keeping its contents a secret from this Court until the period allotted for application to rehear starts its course.

Smith, J., concurred with Black, J.

Dethmers, C. J. In an opinion filed April 2, 1956, this Court affirmed in part and reversed in part judgment for plaintiff and remanded for partial retrial for redetermination of the amount due plaintiff and entry of judgment thereon.

---

[*] This, of course, is the amount to which plaintiff would have become entitled unaided by the pretrial statement if it had continued after December 7, 1949, to fully perform the contract including paragraph 13 thereof. To such amount, and by his judgment as entered, Judge Webster added accrued interest.

At trial below judgment entered for plaintiff in the principal sum of $11,436.40, plus interest, for a combined total of $13,686.34. That amount was determined by the court upon agreement of counsel in open court that, if plaintiff were entitled to recover at all, it should be in that amount.

Contending that the court erred in finding for plaintiff, defendant appealed, but its statement of reasons and grounds for appeal did not question the correctness of the amount of the judgment if plaintiff were entitled to recover anything. Michigan Court Rule No 66, § 3 (1945), provides that "no errors shall be considered by the Supreme Court that are not included in such statement." The statement of questions involved set forth in defendant's brief on appeal here, as required by Michigan Court Rule No 67, § 1 (1945), raised no question concerning the amount of the judgment. That rule provides that ordinarily no point will be considered on appeal which is not set forth or necessarily suggested by the statement of questions involved. Accordingly, this Court being of the opinion that judgment rightly entered for plaintiff, judgment below is affirmed, with costs to plaintiff.

SHARPE, BOYLES, KELLY, and CARR, JJ., concurred with DETHMERS, C. J.

EDWARDS, J., took no part in the decision of this case.