WECHSLER v. ZEN.

1. STIPULATIONS—SETTING ASIDE—DISCRETION OF COURT.

Stipulation of attorneys relating to conduct of pending cause may be set aside, within the discretion of the court, where the enforcement of stipulation would result in injury to one of the parties and the other party would not be materially prejudiced if the stipulation were set aside.

2. SAME—EXCHANGE OF NAMES OF WITNESSES—SETTING ASIDE—DISCRETION OF COURT.

Stipulation that neither party to an action concerning rights in joint bank deposit, would call witnesses without giving the other party 48-hour notice *held*, properly set aside by trial judge when he felt that he could not do justice to the cause and, hence, it was not an abuse of discretion.

3. BANKS AND BANKING—JOINT ACCOUNT—STATUTORY PRESUMPTION—REBUTTAL PROOF.

Clear and persuasive proof is needed to rebut statutory presumption that joint deposit became the property of survivor of the joint depositors (CL 1948, § 487.703).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 50 Am Jur 2d, Stipulations §§ 11, 12, 14, 16.
[3] 10 Am Jur 2d, Banks § 372.
[4] 5 Am Jur 2d, Appeal and Error § 834.

4. APPEAL AND ERROR — CREDIBILITY OF WITNESSES — CONFLICTING
   STATEMENTS OF WITNESSES — JUDGMENT OF TRIAL COURT.
       Court of Appeals will not substitute its judgment for trial judge
         who saw and heard the witnesses, and formed an opinion that
         their conflicting testimony was sufficient to cast doubts on their
         credibility.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 December 7, 1965, at Detroit. (Docket No. 310.) Decided March 9, 1966.

Bill of complaint by Louis Wechsler, special administrator of the estate of Secondo Troietto, deceased, against Agostino Zen to obtain funds held in a joint bank account by deceased and defendant. Judgment for defendant. Plaintiff appeals. Affirmed.

*I. R. Starr,* for plaintiff.

*Dorothy E. Broeder,* for defendant.

BURNS, J. Secondo Troietto died and left a joint bank account with the right of survivorship, in the National Bank of Detroit.[1]

Savings account No. 20761 was opened at the National Bank of Detroit, Gratiot and Riopelle branch, on March 21, 1949, in the names of Secondo Troietto and Agostino Zen, payable to either, or the survivor of them. At the time of the death of Secondo Troietto, the balance in the account was $10,453.67.

Troietto had lived at the Zen household from 1944 until his death in 1961. The parties were not related

---

[1] CL 1948, § 487.703 (Stat Ann 1957 Rev § 23.303).
"The making of the deposit in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors." ·

and it was admitted that Troietto had always paid for his room and board; Zen had not contributed to the account.

The appellant claims said account should pass to the estate to be distributed to Troietto's heirs-at-law.

The issue involved is: Did the plaintiff present sufficient testimony to rebut the presumption under the statute?

At the pretrial conference, the attorneys entered into a stipulation that neither side would call any witness whose name had not already been exchanged, unless the opposite side was given notice at least 48 hours in advance that such witness would be called to testify, giving his name and address.

After one complete trial, and a partial second trial, the trial judge stated:

"I am going to throw out the pretrial, and we will start all over again. I am going to get at the truth of this. Come in a week from today. You bring in all you have, and you bring in all you have. We will see where the truth lies. I am a little tired of this thing. You are coming in with about five cents worth of testimony and expecting to prove a lawsuit. I don't know how you can do it."

Actually, the hearing was not resumed for over 3 months, the above statement being made on December 16, 1963, and the balance of the hearings being resumed on March 31, 1964.

The appellee called 6 witnesses for rebuttal, but did not notify the appellant of said witnesses.

The appellant has appealed 3 issues, claiming that the trial court erred in:

1. Setting aside the pretrial stipulation;

2. Finding the appellant had not rebutted the statutory presumption; and

3. Ruling that the appellant's witness could be impeached on immaterial and irrelevant matters.

After reading the transcript of the testimony in this cause, we can understand the trial judge's action. While attorneys may enter into binding stipulations on facts and the court will treat such stipulations as sacrosanct, the same treatment is not accorded procedural stipulations. As a general rule it is within the discretion of the court to set aside stipulations of attorneys relating to the conduct of a pending cause, where the enforcement would result in injury to one of the parties and the other party would not be materially prejudiced by their being set aside. *Borgman* v. *Bultema* (1920), 212 Mich 70. In the present case, the trial judge did not feel he could do justice unless such stipulation was set aside, and he did not abuse his discretion.

Clear and persuasive proof is needed to rebut the statutory presumption that deposits of the character here involved become the property of the survivor of the joint depositors. *Lau* v. *Lau* (1943), 304 Mich 218. The trial judge heard the testimony of the plaintiff's witnesses. He was not impressed, and stated:

"These discrepancies, in the opinion of this court, cast serious doubt on the creditability of plaintiff's witnesses. The plaintiff did not recall either of their witnesses, or any other witness, to rebut or explain the serious attack on the creditability of plaintiff's witnesses. It is apparent to this court that plaintiff's counsel did not attempt to verify the testimony of their two witnesses and the source of verification readily available to them.

"In viewing all the testimony in this case, the court is of the opinion that there is no competent contrary evidence which would overcome presumption of the intent of the decedent to establish a joint account with rights of survivorship in the defendant."

The trial court saw and heard the witnesses and formed an opinion that the conflicting statements of the plaintiff's witnesses were sufficient to cast doubts on the credibility of said witnesses. We do not substitute our judgment for the trial judge in such cases. *Barnes* v. *Beck* (1957), 348 Mich 286.

Judgment is affirmed. Costs to appellees.

WATTS, P. J., and J. H. GILLIS, J., concurred.