WILLIAMSON v WILLIAMSON

Docket No. 61120. Submitted July 22, 1982, at Detroit.—Decided October 14, 1982.

Plaintiff, Timothy C. Williamson, brought an action in the Monroe Circuit Court seeking a divorce from defendant, Julie Ann Williamson, now Sorter. The trial court, William J. Weipert, Jr., J., thereafter, granted temporary custody of the parties' only child to the defendant and granted a petition for intervention filed by the paternal grandparents, Mr. and Mrs. Lewis Williamson. Judge Weipert then held a contested custody hearing and the decision on custody was reserved. Judge Weipert, thereafter, entered a judgment of divorce with the issues of custody and support reserved. Judge Weipert then issued a written decision in March, 1981, which addressed the statutory factors of the Child Custody Act of 1970 and which granted custody to the defendant mother. The decision also ordered a Friend of the Court review to be held in six months. On July 29, 1981, Judge Weipert refused to consider plaintiff's motion for a change of custody and for a review hearing on the ground that the six months had not yet run. The intervening grandparents then hired a new attorney and on August 5, 1981, the case was reassigned to James J. Kelley, J., as the grandparents' new attorney was related to Judge Weipert. On August 19, 1981, Judge Kelley heard plaintiff's motion for a change of custody, ruled that both plaintiff and defendant were morally unfit to have custody and, therefore, ordered that custody of the child

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 24 Am Jur 2d, Divorce and Separation § 820.
    42 Am Jur 2d, Infants § 57.
[2, 4] 24 Am Jur 2d, Divorce and Separation § 783.
[3] 24 Am Jur 2d, Divorce and Separation §§ 789, 793.
[4] 24 Am Jur 2d, Divorce and Separation § 812.
[5, 6] 24 Am Jur 2d, Divorce and Separation § 788.
    Custodial parent's sexual relations with third person as justifying modification of child custody order. 100 ALR3d 625.
[7] 29 Am Jur 2d, Evidence §§ 493, 494.
    Consideration, in determining facts, of inadmissible hearsay evidence introduced without objection. 79 ALR2d 890.

be placed with the paternal grandparents. Defendant appeals from the order changing custody, by leave granted, and alleges several errors. *Held:*

1. The judge did not err in hearing the motion for a change of custody since child custody remains subject to modification at any time by the circuit court in the best interests of the child. The judge was properly acting within his discretion in granting the motion.

2. The judge erred in ordering a change of custody without making specific findings of fact on each of the factors contained in the Child Custody Act of 1970. Nothwithstanding the parties' stipulation, the judge erred in ordering a change in custody after conducting a hearing limited to only one of the factors.

3. The judge committed reversible error by failing to consider the statute regarding best interests of a child and the presumptions thereto.

4. The judge's decision that a change of custody would be in the best interests of the child was unsupported by clear and convincing evidence and must be reversed.

5. The established custodial environment of the child was with the mother.

6. The judge's ruling that the defendant was morally unfit apparently was based on the sole fact that she was living with a man, to whom she is now married, without the benefit of marriage. Standing alone, this is not enough to constitute immorality as envisioned by the Child Custody Act of 1970. A mother's acts of adultery do not necessarily preclude her from having custody of her children.

7. The judge should not have admitted into evidence the testimony of the Friend of the Court regarding his conversation with the three-year-old child. This testimony was clearly inadmissible hearsay.

The order changing custody to the paternal grandparents was reversed and the previous order vesting custody in the defendant was reinstated.

1. DIVORCE — CHILD CUSTODY — MODIFICATION OF ORDERS.

   Orders of a circuit court regarding child custody remain subject to modification at any time by the circuit court where such modification is in the best interests of the child.

2. DIVORCE — CHILD CUSTODY — BEST INTERESTS OF CHILD.

   A trial court, when deciding a custody matter, must evaluate each of the factors contained in the Child Custody Act of 1970 and state a conclusion on each, thereby determining the best

interests of the child; a failure to make such specific findings is reversible error (MCL 722.23; MSA 25.312[3]).

3. DIVORCE — CHILD CUSTODY — BEST INTERESTS OF CHILD — PRE-
   SUMPTIONS.

   It is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence, where a custody dispute is between the parent or parents and an agency or a third person; a trial court's failure to consider the statutory prescription to that effect is reversible error (MCL 722.25; MSA 25.312[5]).

4. DIVORCE — CHILD CUSTODY — ESTABLISHED CUSTODIAL ENVIRON-
   MENT — MODIFICATION OF ORDERS.

   A court should not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interests of the child; the custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort; the age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered (MCL 722.27[c]; MSA 25.312[7][c]).

5. DIVORCE — CHILD CUSTODY — BEST INTERESTS OF CHILD — MORAL
   FITNESS.

   The fact that a mother was living with a man, to whom she is now married, without the benefit of marriage, standing alone, is not enough to constitute immorality as envisioned by a provision of the Child Custody Act of 1970 regarding the best interests of a child (MCL 722.23[f]; MSA 25.312[3][f]).

6. DIVORCE — CHILD CUSTODY — ADULTERY.

   The Court of Appeals has held that a mother's acts of adultery do not necessarily preclude her from being awarded custody of her children.

7. EVIDENCE — APPEAL — HEARSAY TESTIMONY — RULES OF EVI-
   DENCE.

   A trial court errs where the court admits into evidence testimony which is clearly inadmissible hearsay testimony (MRE 801[c]).

*Czeryba, Dulany & Godfroy* (by *Jeffrey A. Du-*

*lany);* and *Weipert & Morr* (by *James E. Morr),* of counsel, for Mr. and Mrs. Louis Williamson.

*Legal Services of Southeastern Michigan, Inc.* (by *Marsha R. Greenfield),* for defendant..

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

PER CURIAM. Defendant appeals, by leave granted, from the order of the Monroe County Circuit Court changing custody of defendant's three-year-old daughter from the defendant mother to the child's paternal grandparents.

In April, 1979, plaintiff father filed for divorce. On June 5, 1979, the defendant was given temporary custody of the parties' only child. A petition for intervention filed by the paternal grandparents was thereafter granted. A contested custody hearing was held before Judge William J. Weipert, Jr., on October 23, 1980, and decision was reserved. A judgment of divorce was entered on December 12, 1980, with the issues of custody and support reserved. In March, 1981, Judge Weipert issued a written decision which addressed the statutory factors of the Child Custody Act of 1970, MCL 722.23; MSA 25.312(3), and which granted custody to the mother. The decision also ordered a Friend of the Court review to be held in six months.

On July 29, 1981, Judge Weipert refused to consider plaintiff's motion for a change of custody and for a review hearing on the ground that the six months had not yet run. The intervening grandparents then hired a new attorney. On August 5, 1981, the case was reassigned to Judge Kelley as the grandparents' new attorney was

* Circuit judge, sitting on the Court of Appeals by assignment.

related to Judge Weipert. Plaintiff then noticed for hearing the motion for a change of custody which Judge Weipert had previously refused to consider. On August 19, 1981, Judge Kelley heard plaintiff's motion for a change of custody.

At the conclusion of the proofs, Judge Kelley stated:

"Now whatever was decided by the judge to whom this matter was previously assigned remains decided * * *.

"However the issue here, by agreement of the parties, has been limited to factor F of the Child Custody Act of 1970; that is the moral fitness of the competing parties."

Judge Kelley then went on to find that since the last determination of custody, the defendant had been living with her boyfriend, with the child present, without the benefit of marriage. Judge Kelley then ruled that both the mother and father were morally unfit to have custody of the child and, therefore, the court ordered that custody of the child be placed with the paternal grandparents. On appeal, defendant raises several issues for our consideration.

At the outset, we reject appellant's contention that Judge Kelley erred in hearing the motion for a change of custody only three weeks after the original trial judge had ruled that he would not consider the motion for six months. It is well established that child custody remains subject to modification at any time by the circuit court in the best interests of the child. *Hentz v Hentz,* 371 Mich 335; 123 NW2d 757 (1963); *Puzzuoli v Puzzuoli,* 3 Mich App 594; 143 NW2d 162 (1966). Judge Kelley was properly acting within his dis-

cretion in granting a hearing on plaintiff's motion for a change of custody.

We must agree, however, with appellant's contention that Judge Kelley erred in ordering a change of custody without making findings of fact as required by law.

When deciding a custody matter, the trial court must evaluate each of the factors contained in the Child Custody Act of 1970, MCL 722.23; MSA 25.312(3), and state a conclusion on each, thereby determining the best interests of the child. *Speers v Speers,* 108 Mich App 543; 310 NW2d 455 (1981). A failure to make such specific findings is reversible error. *Currey v Currey,* 109 Mich App 111; 310 NW2d 913 (1981).

In the present case, Judge Kelley did not make specific findings of fact on each of the factors. In fact, the only specific finding of fact made by Judge Kelley was with regard to factor F—moral fitness. Instead, he chose to rely upon the factual findings previously made by Judge Weipert. Judge Kelley did not refer to the specific findings made by Judge Weipert and it is unknown whether he even read Judge Weipert's written opinion. We hold that, notwithstanding the parties' stipulation, Judge Kelley erred in ordering a change in custody after conducting a hearing limited to only one of the statutory factors. Such a limited hearing puts too much emphasis on one factor and inclines the court to decide the best interests of the child without considering the entire situation. This is particularly true where, as in the present case, the court merely states that the previous decision by the original judge will stand, without indicating in any way that the reviewing court has read or considered the previous decision.

Furthermore, Judge Kelley committed reversible

error by failing to consider the following statutory prescription:

"When the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence." MCL 722.25; MSA 25.312(5).

In any event, we are compelled to reverse Judge Kelley's decision as it was unsupported by clear and convincing evidence. MCL 722.27(c); MSA 25.312(7)(c) provides in pertinent part:

"The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered."

In this case, it is clear that the established custodial environment of the child was with the mother.

Judge Kelley's ruling that the mother was morally unfit appears to have been based on the sole fact that she was living with a man, to whom she is now married, without the benefit of marriage. Standing alone, we feel that this is not enough to constitute immorality as envisioned by the statute. This Court has previously held that a mother's acts of adultery do not necessarily preclude her

from having custody of her children. *Feldman v Feldman,* 55 Mich App 147; 222 NW2d 2 (1974). It should be noted that in *Feldman,* the Court's finding that the mother was not morally unfit was based on a record disclosing immoral acts beyond any acts that the present defendant may have been accused of. In *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975), this Court, in remanding a child custody dispute to the trial court for specific findings of fact, indicated that the mother's unfaithfulness would not necessarily preclude her from being the custodial parent.

Regardless of the significance one chooses to attach to the fact that defendant lived with her present husband out of wedlock, it must be recognized that morality is but one of 11 factors which the court should have considered. Furthermore, it is interesting to note that although the plaintiff father was accused of similar immoral acts, Judge Kelley failed to consider what impact those alleged immoral acts would have upon the child. We conclude that Judge Kelley's finding that a change of custody would be in the best interests of the child was unsupported by clear and convincing evidence.

Finally, in determining the morality of defendant, Judge Kelley should not have admitted into evidence the testimony of an employee of the Friend of the Court regarding his conversation with the three-year-old child. This testimony was clearly inadmissible hearsay. MRE 801(c).

We reverse Judge Kelley's order and reinstate Judge Weipert's previous order vesting custody in the defendant.

Costs to defendant-appellant.