## WILSON v GAUCK

Docket No. 100856. Submitted January 14, 1988, at Grand Rapids. Decided March 8, 1988.

Plaintiff, Carl C. Wilson, and defendant, Janice Sue Wilson Gauck, were divorced pursuant to a judgment of the Mecosta Circuit Court. Custody of Carl and Angela Wilson was awarded to plaintiff and custody of Terry and Cheri Wilson was awarded to defendant. Plaintiff subsequently filed a petition seeking custody of Terry and Cheri Wilson. The trial court, Lawrence C. Root, J., entered a temporary order granting plaintiff's request. Defendant filed a motion to vacate the temporary order. At the commencement of the evidentiary hearing on defendant's motion, the trial court stated that, pursuant to a stipulation of counsel, an established custodial environment existed with defendant, and plaintiff must show by clear and convincing evidence that a change in custody is warranted. However, after defendant had presented her case in chief, the trial court announced that the prior custodial environment with defendant had been destroyed by the court's temporary order awarding custody to plaintiff, no custodial environment had arisen with plaintiff in view of the interim nature of plaintiff's custody pursuant to the temporary order, and that, based on these findings, its decision would be based on a *preponderance of the evidence*. The trial court vacated the temporary order, but amended the judgment of divorce to award custody of Terry and Cheri Wilson to plaintiff. Defendant appealed.

The Court of Appeals *held:*

1. The determination of the proper burden of proof in mat-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1003-1017.

Am Jur 2d, Parent and Child §§ 20, 25, 26, 33.

Am Jur 2d, Stipulations §§ 8, 11.

Right to attorneys' fees in proceeding, after absolute divorce, for modification of child custody or support order. 57 ALR4th 710.

Interference of custodian of child with noncustodial parent's visitation rights as ground for change of custody. 28 ALR4th 9.

Custodial parent's sexual relations with third person as justifying modification of child custody order. 100 ALR3d 625.

ters as important as deciding the custody of a child should not be left to the parties, but should be made by the trial court based on a consideration of factors listed in MCL 722.27(1)(c); MSA 25.312(7)(1)(c). Although the trial court eventually rejected the application of the stipulated burden of proof, the trial court erred in originally accepting the parties' stipulation. Defendant had presented her case and conducted cross-examination of witnesses based on the stipulated burden of proof. Thus, her right to due process was violated when the court announced that it was rejecting the stipulated burden of proof.

2. On remand, the trial court shall conduct a new hearing and apprise the parties of the applicable burden of proof before they present their cases in chief. The trial court shall determine whether an established custodial environment exists as of the date of the rehearing.

3. On remand, the trial court, without necessarily revealing the confidence of the children, must state on the record whether the children were able to express a reasonable preference, and whether this preference was considered.

Reversed and remanded.

DOCTOROFF, J., concurred separately to note the patent unfairness to defendant which would result from a determination on remand that an established custodial environment has been created during the pendency of this appeal, thereby shifting the . burden of proof to defendant.

1. STIPULATIONS — APPROVAL OF STIPULATION.

Once a stipulation of fact has been received and approved by a hearing officer or a judge, it is sacrosanct and not subject to alteration by the adjudicating officer.

2. STIPULATIONS — APPROVAL OF STIPULATION — DEVIATION FROM STIPULATION — DUE PROCESS.

Parties to a stipulation of fact, which has been received and approved by an adjudicating officer, foreclose themselves from making any testimonial or other evidentiary record, hence, any deviation therefrom results in a denial of due process.

3. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

A trial court, in determining whether to change custody, must first determine whether an established custodial environment exists so that the proper burden of proof may be established; if an established custodial environment is found, the proponent of the change must present clear and convincing evidence that such a change is in the best interest of the child; if no established custodial environment is found, the proponent's burden

of proof is that of a mere preponderance of the evidence (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

4. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

The existence or nonexistence of an established custodial environment is a question of fact for a trial court to resolve based on the factors provided by statute; a trial court's consideration of the statutory factors, determination of whether an established custodial environment exists, and determination of the burden of proof a proponent of change in custody must meet are not subject to any stipulation by the parties (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

5. STIPULATIONS — REJECTION OF STIPULATION.

A hearing officer or judge may reject any offered stipulation as incomplete and legally erroneous but the time for doing so is before final acceptance of the stipulation, not after.

6. PARENT AND CHILD — CHILD CUSTODY — PREFERENCE OF CHILD.

A trial court, in making a determination of custody and without necessarily revealing the confidence of the child, must state on the record whether the child was able to express a reasonable preference, and whether the preference was considered by the court.

*Legal Aid of Western Michigan* (by *Lori L. Augustine*), for defendant.

Before: G. R. McDONALD, P.J., and DOCTOROFF and R. E. ROBINSON, JJ.*

G. R. McDONALD, P.J. Defendant appeals as of right from a May 8, 1987, order changing custody of two of the parties' minor children from defendant to plaintiff. We reverse.

The parties' judgment of divorce was entered on November 12, 1980. Each party was awarded custody of two of their four children with extensive visitation of the other two. Plaintiff was given custody of Carl and Angela Wilson, and defendant was given custody of Terry and Cheri Wilson.

* Former circuit judge, sitting on the Court of Appeals by assignment.

During an extended visitation in July of 1986, plaintiff discovered what appeared to be cigarette burns on Cheri. Plaintiff contacted the Mecosta County Protective Services, who interviewed Cheri. Cheri explained that the scars were caused by cigarettes, and that defendant's husband, Alvin Gauck, had burned her with a cigarette because he was mad at her mother. Protective services referred plaintiff to the friend of the court. Plaintiff then petitioned for an amendment to the custody order. The trial court entered a temporary custody order granting plaintiff custody of Cheri and Terry Wilson. Defendant was not notified of this order, nor was the order properly filed with the clerk of the court.

Defendant subsequently filed a motion to vacate this order and an evidentiary hearing was held on January 28 and 29, 1987. As a result of this hearing, the trial court vacated its temporary order on procedural grounds and entered an order amending the judgment of divorce to change custody of Terry and Cheri Wilson to plaintiff.

Defendant raises an issue of first impression in this Court. At the start of the motion hearing, the trial judge noted for the record the substance of a conference between himself and counsel in chambers which was acknowledged by counsel on the record:

> *The Court:* I will note for the record, I've had a brief conference with counsel in Chambers before going on the record; at that conference, it was agreed the burden of proof is in fact on the Petitioner. In this case, Mr. Wilson. And that he has a burden of proof of showing that by clear and convincing evidence that a change of custody would be warranted before such a change could be effected. Of course, it's my understanding that the stipulation is there's an established custodial envi-

ronment with the mother; that raises that burden of proof to the clear and convincing standard. Have I clearly stated the stipulation.

However, in making his decision, the trial judge clearly stated that the prior custodial environment with defendant had been destroyed by the temporary custody order of August 3, 1986. He then went on to find that no custodial environment had arisen with plaintiff because all the parties, including the children, were aware of the interim nature of plaintiff's custody. Based on these findings the court held that the appropriate basis for its decision would be a preponderance of the evidence. Defendant claims error in this finding on two grounds. First, defendant claims that it is against the great weight of the evidence, and second, defendant claims that it violates the stipulation of the parties entered into prior to the hearing.

Stipulations as to facts were expressly approved by the Supreme Court in *Dana Corp v Employment Security Comm*, 371 Mich 107, 110; 123 NW2d 277 (1963), where the Court said:

To the bench, the bar, and administrative agencies, be it known herefrom that the practice of submission of questions to any adjudicating forum, judicial or quasi-judicial on stipulation of fact, is praiseworthy in proper cases. It eliminates costly and time-consuming hearings. It narrows and delineates issues. But once stipulations have been received and approved they are sacrosanct. Neither a hearing officer nor a judge may thereafter alter them. This holding requires no supporting citation. The necessity of the rule is apparent. A party must be able to rest secure on the premise that the stipulated facts and stipulated ultimate conclusionary facts as accepted will be those upon which adjudication is based. Any deviation therefrom results in a denial of due process for the

obvious reason that both parties by accepting the
stipulation have been foreclosed from making any
testimonial or other evidentiary record.

While this language appears to establish an
absolute rule as to the effect of stipulations, there
are some exceptions. A stipulation will not be
construed to effect the waiver of a right unless
such an intent is plainly indicated. *In re Cole
Estate*, 120 Mich App 539; 328 NW2d 76 (1982).
The trial court also has the discretion to set aside
a stipulation when an injury would result to one
party and nonenforcement would not materially
prejudice the other party. *Wechsler v Zen*, 2 Mich
App 438; 140 NW2d 581 (1966). In addition, the
parties may not bind a court by a stipulation to an
erroneous interpretation of law. *Magreta v Ambas-
sador Steel Co*, 378 Mich 689; 148 NW2d 767
(1967), modified 380 Mich 513; 158 NW2d 473
(1968).

In determining whether to change custody, the
trial court must first determine whether an estab-
lished custodial environment exists so that the
proper burden of proof may be established. *Baker
v Baker*, 411 Mich 567; 309 NW2d 532 (1981). If an
established custodial environment is found, the
proponent of the change must present clear and
convincing evidence that such a change is in the
best interest of the child. MCL 722.27(1)(c); MSA
25.312(7)(1)(c). Otherwise the proponent's burden is
that of a mere preponderance of the evidence.
*Baker, supra.*

This Court has held that the existence or nonex-
istence of an established custodial environment is
a question of fact. *Blaskowski v Blaskowski*, 115
Mich App 1; 320 NW2d 268 (1982). However, the
*Blaskowski* panel did not assert that the determi-
nation of a custodial environment is a question of

fact for the trier of fact, but specifically stated that it was a question of fact "for the trial court to resolve based on the statutory factors." This Court has also held that the parties may not limit the statutory factors the trial court considers under MCL 722.23; MSA 25.312(3) by stipulation. *Williamson v Williamson*, 122 Mich App 667; 333 NW2d 6 (1982). The factors to be considered in determining the best interests of the child are all matters of fact. So, obviously, are the statutory factors listed in MCL 722.27(1)(c); MSA 25.312(7)(1)(c). We believe the *Williamson* rule should be extended to include the determination of the existence of a custodial environment. The determination of the proper burden of proof in matters as important as deciding the custody of a child should not be left to the parties, but should be made by the trial judge based on a consideration of the factors listed in the statute. Thus, the trial court in the instant case erred in originally accepting the parties' stipulation as to the standard of proof necessary to effectuate a change of custody.

Moreover, although the trial court later rejected the application of the stipulated burden of proof, this did not cure the error, as it resulted in a violation of defendant's right to due process. While a trial court is free to reject a stipulation of the parties as incomplete or legally erroneous, it must do so before final acceptance, not after. *Dana Corp, supra.* Defendant argues that she was prejudiced in the presentation of her case when the trial court, at the close of her case in chief, announced that there was no established custodial environment and that the burden of proof would be by a preponderance of the evidence. While it is likely that defendant put on the best case possible, regardless of the burden of proof, it is possible that

certain tactical decisions would have been made differently. Additional proofs may have been offered or different lines of cross-examination might have been pursued had she been aware from the first that the trial court's decision would be based on a preponderance of the evidence. Thus the matter is remanded to the trial court for a new hearing where the parties will be apprised of the burden of proof before presenting their cases in chief.

The trial court must determine whether an established custodial environment exists as of the date of rehearing rather than the date of the hearing held herein. *Carson v Carson,* 156 Mich App 291; 401 NW2d 632 (1986). We are aware that this will work to defendant's disadvantage as it is likely that the court will find an established custodial environment with plaintiff based on the fact that the children have been in his custody since July 1986; nevertheless, the defendant is entitled to her day in court.

Defendant also claims error in the trial court's failure to state on the open record whether the children were able to express a preference and whether that preference was considered by the court in making its custody determination. We agree, and remind the trial court on remand that although the confidence of the children need not be revealed, the court must state on the record whether the children were able to express a reasonable preference, and whether this preference was considered by the court in arriving at its determination. *Arndt v Kasem,* 135 Mich App 252; 353 NW2d 497 (1984), *Flaherty v Smith,* 87 Mich App 561; 274 NW2d 72 (1978).

Reversed and remanded.

R. E. ROBINSON, J., concurred.

DOCTOROFF, J. *(concurring).* I write separately because I am troubled by the unfairness to the defendant of her possibly having to meet a more difficult burden on remand than she would have had the matter been properly handled below.

Although the trial court initially determined that no established custodial environment had been created in the plaintiff's home, it is possible that a determination will be made on remand that an established custodial environment has been created there during the pendency of this appeal. *Carson v Carson,* 156 Mich App 291, 302; 401 NW2d 632 (1986). If such is the case, the burden of proof will shift to the defendant, under MCL 722.27(1)(c); MSA 25.312(7)(1)(c), to prove by clear and convincing evidence that removal would be in the best interest of the children. *Schwiesow v Schwiesow,* 159 Mich App 548, 544; 406 NW2d 878 (1987).

This potential placement of the burden of proof on the defendant is patently unfair. Nonetheless, because the statements of policy in the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* are considered to be "superior to the symmetry of common law appellate remedies and even to the rights of the plaintiff who has prevailed on appeal," *Carson supra,* I must, with great reluctance, concur.