AMERICAN NATIONAL FIRE INSURANCE COMPANY v
FRANKENMUTH MUTUAL INSURANCE COMPANY

Docket No. 97596. Decided May 4, 1994. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of
granting leave, affirmed the judgment, but not the reasoning, of
the Court of Appeals and remanded the case to the trial court
for further proceedings.

American National Fire Insurance Company, the insurer of a
combine owned by Floyd Campbell, brought an action in the
Oakland Circuit Court against Frankenmuth Mutual Insurance
Company, the no-fault insurer of Campbell's truck, seeking
contribution to a settlement in an underlying wrongful death
action against Floyd Campbell arising from an automobile
collision involving his combine. The court, John N. O'Brien, J.,
granted summary disposition for Frankenmuth, ruling that the
residual liability policy did not provide coverage because the
truck was not involved in the accident. The Court of Appeals,
SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO, JJ., vacated
the judgment of the trial court and remanded the case for
further proceedings (Docket No. 135663). The defendant seeks
leave to appeal.

In a memorandum opinion, signed by Chief Justice
CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN,
and MALLETT, the Supreme Court *held:*

The trial court appears to have refused to follow the parties'
stipulation of facts, requiring remand to the trial court for
further proceedings consistent with the stipulation. The judg-
ment of the Court of Appeals is affirmed, but its opinion is to
have no precedential force or effect.

Affirmed and remanded.

Justice LEVIN dissents for the reasons set forth in his sepa-
rate statements in *Bernthal v Aetna Casualty & Surety Co,* 444
Mich 1217 (1994), and *Ginther v Ovid-Elsie Area Schools,* 444
Mich 1218 (1994).

199 Mich App 202; 501 NW2d 237 (1993) affirmed.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Leonard B. Schwartz* and *Patrick Burkett*), for the
plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *James L. Borin* and *Robert D. Goldstein*),
for the defendant.

MEMORANDUM OPINION. As observed by the
Court of Appeals, this case was submitted to the
trial court with an agreed-upon statement of facts.
We restate here the Court of Appeals recitation of
the facts:

> At approximately 8:25 P.M. on December 2,
> 1984, a car driven by Scott Whitney, traveling on
> the southbound lane of Bricker Road in St. Clair
> County, collided with the rear of a combine that
> was completely blocking the southbound lane of
> the road. Whitney's passenger, Christopher Rondo,
> was killed in the collision. The combine had been
> used by Floyd Campbell for harvesting corn in a
> neighbor's field along Bricker Road. Afterwards,
> Campbell parked the combine in the southbound
> lane of Bricker Road and used an auger, which
> extended across the northbound lane of Bricker
> Road, to convey the harvested load of corn to a
> pickup truck, which was parked adjacent to the
> northbound lane of the road. At the time of the
> accident, the combine was unloading the corn onto
> the truck, and the auger was still extended. Only
> the combine was physically struck by Whitney's
> car.
> 
> Both the combine and the truck were owned by
> Campbell. The combine was expressly covered by
> plaintiff's farm policy, which included coverage for
> bodily injury liability, while the truck was covered
> under defendant's no-fault automobile insurance
> policy.
> 
> The decedent's personal representative filed a
> wrongful death action against Campbell and Whit-
> ney. Plaintiff undertook the defense of Campbell.
> Plaintiff tendered the defense of the suit to defen-
> dant and also sought contribution. Defendant de-
> clined both requests.
> 
> The wrongful death suit was settled for $350,000

(Whitney provided $50,000 and plaintiff, on behalf
of Campbell, provided $300,000). Defendant agreed
that the $300,000 payment by plaintiff was a rea-
sonable contribution to the settlement package.
The underlying litigation was concluded by a con-
sent judgment and satisfied by plaintiff. On cross
motions for summary disposition, the trial court
granted defendant's motion, ruling that defen-
dant's residual liability policy did not provide
coverage because the truck was not involved in the
accident. [199 Mich App 202, 205-206; 501 NW2d
237 (1993).]

The Court of Appeals vacated the trial court's
order, which granted the defendant's motion for
summary disposition and which denied the
plaintiff's cross motion for summary disposition.
The case was ordered remanded to the trial court
for further proceedings.

Pursuant to MCR 7.302(F)(1), we affirm the judg-
ment of the Court of Appeals, but not for all the
reasons stated by the Court of Appeals. We agree
with the plaintiff that the trial court appears to
have refused to follow the parties' stipulation of
facts. We remand the case to the Oakland Circuit
Court for further proceedings consistent with that
stipulation.

We further order that the opinion of the Court
of Appeals shall have no precedential force or
effect. See *Bernthal v Aetna Casualty & Surety Co,*
444 Mich 1216 (1994).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY,
GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. (*dissenting*). I would deny leave to
appeal rather than purport to "affirm the judg-
ment of the Court of Appeals" with the flag that
"the opinion of the Court of Appeals shall have no
precedential force or effect. See *Bernthal v Aetna*

*Casualty & Surety Co,* 444 Mich 1216 (1994)."
*Ante,* p 93.

The Court does not indicate how the Court of Appeals might have erred in its analysis. Today's decision is similar to recent decisions in *Bernthal, supra,* and *Ginther v Ovid-Elsie Area Schools,* 444 Mich 1218 (1994), in which this Court denied leave to appeal with the flag that the reported opinions of the Court of Appeals in those cases shall have no precedential force or effect. I repeat what I said in a separate statement in *Bernthal* and in *Ginther:*

> The Michigan Court of Appeals was established by the 1963 Constitution, and the judges of the Court are elected public officials who perform a function set forth in the constitution. Their published opinions are authoritative statements of law, not by grace of this Court, but by the power vested in the Court of Appeals by the constitution.
>
> The precedential force or effect of an opinion of the Court of Appeals should not be set aside absent a determination by this Court or the United States Supreme Court that the Court of Appeals erred. Such a decision should not be lightly made, and clearly should not be made without plenary consideration, and the resulting notice to other persons who might be favorably or adversely affected by an affirmance or reversal of the decision of the Court of Appeals who might seek to file a brief as amicus curiae.
>
> Further, this Court's order denying precedential force or effect to an opinion of the Court of Appeals avoids compliance with the constitutional imperative that decisions of this Court "shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal." Const 1963, art 6, § 6.