DeRush v DeRush

Docket No. 185440. Submitted March 20, 1996, at Lansing. Decided September 6, 1996, at 9:25 A.M.

Marc T. DeRush brought an action in the Macomb Circuit Court against Cynthia M. DeRush, seeking a divorce and joint legal custody but sole physical custody of the child of the marriage. An interim custody order was entered that provided that physical custody of the child would be for alternate thirty-day periods. Because of the approach of the school year, the parties entered into a stipulation, which was later incorporated into an order of the court, that provided that the child would be enrolled in kindergarten at a school in Grosse Pointe, where the defendant resided, but that the placement of the child in the Grosse Pointe school system could not be considered by the court in its determination of the best interests of the child for the purpose of the permanent award of custody of the child. Following evidentiary hearings, at which a court-appointed psychologist and an investigator for the friend of the court both recommended that physical custody of the child be with the plaintiff, the court, Mary A. Chrzanowski, J., placed permanent custody of the child with the defendant during the school year on the basis of the fact that the child's attendance at the Grosse Pointe school had created a stable environment in which the child was comfortable. The court denied the plaintiff's motion for a new trial. The plaintiff appealed.

The Court of Appeals *held*:

1. Although stipulations of law are not binding on courts, stipulations of fact are sacrosanct. The stipulation of the parties in this case was a stipulation of fact that did not preclude the court from considering the statutory factors but rather merely directed that the court should not consider certain facts. Accordingly, the court clearly erred in considering the fact that the child had attended the Grosse Pointe school in determining the best interests of the child and in granting physical custody of the child to the defendant on the basis of the consideration of that fact.

2. Because the court's decision to grant primary physical custody of the child was based on its consideration of facts that it was pro-

hibited to consider under the stipulation and its prior order, the
court erred in denying the plaintiff's motion for a new trial.

3. On remand, the matter should be assigned to a different trial
judge.

Reversed and remanded.

HOLBROOK, JR., P.J., dissenting, stated that the order of the trial
court should be affirmed, because the stipulation of the parties was
not a mere stipulation of fact, but, rather, was an attempt to pre-
clude the trial court from exercising its statutory duty to consider
the entirety of the child's environment in determining the best
interests of the child.

DIVORCE — PARENT AND CHILD — CHILD CUSTODY ACT — STIPULATIONS OF FACT.

A stipulation by the parties to a divorce made for the purpose of the
granting of an interim child custody order that provides that the
enrollment of a child of the marriage in a particular school system
will not be considered in the determination of the order of perma-
nent custody is a stipulation of fact that is sacrosanct and must be
followed by the court.

*J. Martin Brennan, Jr.,* for the plaintiff.

*Jerald P. Lovell,* for the defendant.

Before: HOLBROOK, JR., P.J., and TAYLOR and W. J.
NYKAMP,* JJ.

TAYLOR, J. Plaintiff appeals as of right from that por-
tion of the judgment of divorce that grants legal and
physical custody of the parties' minor child, Laura
Marie DeRush, jointly to plaintiff and defendant, but
also orders that the child reside with defendant
throughout the school year. We reverse and remand
for a new trial before a different judge.

Plaintiff filed for divorce in December 1993 and
sought joint legal custody, but sole physical custody
of Laura. Following an initial status quo order, the
court on May 16, 1994, ordered that physical custody

---

* Circuit judge, sitting on the Court of Appeals by assignment.

would alternate in thirty-day intervals between plaintiff and defendant. The case was then reassigned to a different judge. Thereafter, plaintiff filed a motion for temporary custody of the child, because a determination of where the child would attend school was necessary. In an endeavor to reach a temporary compromise, the parties entered into a stipulation, carried out in a September 14, 1994, order, that said in pertinent part:

> IT IS HEREBY ORDERED that the minor child of the parties, Laura DeRush shall be enrolled in kindergarten in the Grosse Pointe school system until the Court shall determine as to which party shall be provided physical custody of said child; and
>
> IT IS FURTHER ORDERED that placement of the minor child in the Grosse Pointe school system shall not be considered by the Court in its determination of the best interest of the minor child with regard to the custody dispute that is now pending.

As a result of this order, the child attended school in Grosse Pointe, where defendant resided. At the eventual trial, the court found that no established custodial environment existed and that custody was to be determined upon a showing by a preponderance of the evidence that a particular placement was in the child's best interest. MCL 722.27(1)(a); MSA 25.312(7) (1)(a); *Baker v Baker*, 411 Mich 567, 579; 309 NW2d 532 (1981). The court, analyzing the child's best interests under the legislatively determined factors of the Child Custody Act, MCL 722.23; MSA 25.312(3), decided, notwithstanding the recommendation of the court-appointed psychologist and the friend of the court investigator, to place the child with defendant during the school year. The court's analysis was that

the parties were equal with respect to each of the factors, save for matters related to attendance at the Grosse Pointe school. In particular, the court discussed factor d (the length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity) and factor h (home, school, and community record of the child) of the Child Custody Act. The court found that factor d weighed in favor of defendant, noting that the only sense of stability that the child had was the fact that she had been attending the same school in Grosse Pointe since September 1994 and was comfortable in that environment. Similarly, the court found factor h weighed in favor of defendant for the same reasons. This use of evidence relating to the child's Grosse Pointe school experience was at variance with the parties' stipulation. Plaintiff asserts that this was an improper disregard of the stipulation of the parties. We agree, because the court was, simply stated, without authority to disregard a factual stipulation of the parties.

While stipulations of law are not binding on courts, *In re Finlay Estate*, 430 Mich 590, 595; 424 NW2d 272 (1988), stipulations of fact are sacrosanct. *Dana Corp v Employment Security Comm*, 371 Mich 107, 110; 123 NW2d 277 (1963). See also *American Nat'l Fire Ins Co v Frankenmuth Mutual Ins Co*, 445 Mich 91, 93; 516 NW2d 52 (1994) (remand required where court apparently refused to follow parties' stipulation of facts). This stipulation was factual. The court was not to consider certain facts. There was no effort by the parties to attempt to stipulate the law. The stipulation did not preclude the court from considering the factors in the Child Custody Act. It is this distinction

that is dispositive and necessitates reversal. *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994) (if a court incorrectly chooses, interprets, or applies the law, it commits legal error that the appellate court is bound to correct); MCL 722.28; MSA 25.312(8) (child custody orders shall be affirmed unless the trial judge committed a clear legal error on a major issue).

We further find that the trial court abused its discretion in denying plaintiff's motion for a new trial. A new trial may be granted on a number of different grounds, including if an error of law occurs in the proceedings or there is a mistake of fact by the court, if there is an irregularity in the proceedings, or if the decision was against the great weight of the evidence. MCR 2.611(A)(1)(a), (e), and (g). Because the trial court's decision to grant what effectively was primary physical custody to defendant was based on the child's enrollment in kindergarten in the Grosse Pointe school system, which was, as described above, in violation of its previous order, an error of law occurred in the proceedings, entitling plaintiff to a new trial.

After a review of the record, we find that the case should be assigned to a different trial judge on remand. In our view, it would be unreasonable to expect the trial judge, given her handling of this matter, to be able to put previously expressed findings out of mind without substantial difficulty. *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986). See also *Edel v Edel*, 97 Mich App 266, 274; 293 NW2d 792 (1980) (on remand the case should be assigned to a new judge). The trial shall be given priority in scheduling. MCR 2.501(B)(2).

Reversed and remanded for a new custody trial before a different trial judge. We do not retain jurisdiction.

W. J. NYKAMP, J., concurred.

HOLBROOK, JR., P.J. (*dissenting.*) I dissent. Remanding this matter for a new trial before a different judge is unwarranted given that appellant has not requested this extraordinary (and expensive) relief and, further, that the trial judge handled the matter in a reasonable manner in light of the embarrassing and outrageous conduct of both parents.

Contrary to the majority's holding, the parties' stipulation was *not* a stipulation of fact, but rather an express attempt to limit the trial court's ability to determine the best interests of the child. In deciding a custody dispute, the court's primary concern must be the best interests of the child, not the parents. MCL 722.25; MSA 25.312(5). The enumerated factors in MCL 722.23; MSA 25.312(3) must be "considered, evaluated, and determined by *the court*" (emphasis added), not the parties. This Court has held repeatedly that a trial court is not bound by the parties' stipulations or agreements regarding child custody where such stipulation or agreement would usurp its ability to consider all the enumerated statutory factors that encompass the determination of the best interests of the child. See *Napora v Napora*, 159 Mich App 241, 245; 406 NW2d 197 (1986); *Lombardo v Lombardo*, 202 Mich App 151, 160; 507 NW2d 788 (1993); *Williamson v Williamson*, 122 Mich App 667, 672; 333 NW2d 6 (1982). See also *West v West*, 241 Mich 679, 683-684; 217 NW 924 (1928); *Ebel v Brown*, 70 Mich App 705, 709; 246 NW2d 379 (1976). Here, the court

could not completely disregard the child's school environment, a factor particularly important in determining the best interests of the child because of its focus on the child, rather than on the parents. This is especially true where the parties in this case were essentially equal in their ability and willingness to be good parents. I would hold that the court did not commit legal error, and I would affirm its disposition of this matter.