*In re* CUSTODY OF JAMES B

INFANTS—CHILD CUSTODY—STATUTES—BEST INTERESTS—FINDINGS OF FACT—RECORD—APPEAL AND ERROR.

A trial judge is required to consider and evaluate all of the factors specified in the statute defining the process for the determination of the best interests of a child involved in a custody dispute, and the findings of the trial judge as to each factor must be stated in the record in order for a reviewing court to intelligently perform its function (MCLA 722.23; MSA 25.312[3]).

Appeal from Washtenaw, Edward D. Deake, J. Submitted November 14, 1975, at Lansing. (Docket No. 23079.) Decided December 4, 1975.

Appeal by the plaintiff-wife from the custody portion of a judgment of divorce from the defendant-husband but awarding to the defendant custody of James B., a four-year-old child of the marriage. Remanded for further proceedings.

*Shirley J. Burgoyne,* for plaintiff.

*Sempliner, Thomas & Guth,* for defendant.

Before: QUINN, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. This appeal involves the award of custody of a four-year-old child to the defendant husband in a divorce action. Resolution of the appeal depends on the "best interests of the child"

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 783 *et seq.*
59 Am Jur 2d, Parent and Child § 25 *et seq.*

as defined by MCLA 722.23; MSA 25.312(3). Subsection (i) of MCLA 722.23 provides "the reasonable preference of the child, if the court deems the child to be of sufficient age to express preference". The trial judge declined to interview the child because he deemed the child not of sufficient age to express a preference.

This conclusionary statement by the trial judge leaves this Court with nothing to review. The question of proper custody is close, and an expression of preference by an intelligent, unbiased child might be the determining factor in deciding what the "best interests" of the child are.

The statute requires the trial judge to consider and evaluate all of the factors specified in subsections (a) through (j) in determining "best interests". A reviewing court needs a factual record and the findings of the trial judge based thereon as to each factor in order to intelligently perform its function. If a trial judge deems a child to be of an insufficient age to express a preference, we must have a factual record on which such a finding is based. Here we have none.

At oral argument, this Court was advised that the defendant husband had left the state with the child and that a bench warrant had been issued for him. This may be a factor that the trial judge will wish to consider on remand.

Remanded to the trial court for the purpose of an evidentiary hearing on the question of James B's age being insufficient for him to express a preference as to his custody, and for such further action as the circumstances warrant. If further review is required, it may be had by filing the record made on remand, together with any necessary supplemental briefs and a notice of hearing. Costs to abide the final result.