LEWIS v LEWIS

1. INFANTS—CHILD CUSTODY—RIGHTS OF CHILDREN—BEST INTERESTS—
   OBLIGATION OF COURT—STATUTES.

   The Child Custody Act recognizes the inherent rights of children
   and directs a trial court to award custody in accord with the
   best interests of the child as determined through the evaluation
   and consideration of particular factors which are prescribed by
   statute (MCLA 722.23, 722.25; MSA 25.312[3], 25.312[5]).

2. INFANTS—CHILD CUSTODY—FINDINGS OF FACT—CONCLUSIONS OF
   LAW—STANDARD OF REVIEW—APPEAL AND ERROR—STATUTES—
   COURT RULES.

   The Child Custody Act provides an explicit standard for appellate
   review of child custody orders, but this standard of review is
   meaningful only if the trial court fulfills its duty under the
   court rule to make definite findings of fact and states its
   conclusions of law; and the court's duty extends to determina-
   tion and explicit considerations of each of the applicable statu-
   tory factors (MCLA 722.23, 722.28; MSA 25.312[3], 25.312[8],
   GCR 1963, 517.1).

3. INFANTS—DIVORCE—CHILD CUSTODY—FINDINGS OF FACT—STATU-
   TORY MANDATES—PROPER REMEDY—REMAND—STATUTES—
   COURT RULES.

   The proper remedy is to remand for a new child custody hearing
   where the trial court fails to analyze the issue of child custody
   in a divorce case in accord with the statutory mandates and to
   make reviewable findings of fact under the court rule (MCLA
   722.23; MSA 25.312[3], GCR 1963, 517.1).

4. INFANTS—CHILD CUSTODY—CHANGE OF CIRCUMSTANCES—NEW
   HEARING.

   A new child custody hearing rather than a remand for explica-
   tion of the trial court's decision is appropriate where the record
   indicates that the trial court failed to conform with the statute
   and court rule and that parental circumstances may have

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 783.
[2–4] 24 Am Jur 2d, Divorce and Separation §§ 791, 793, 794.

changed since entry of a child custody order by a trial court (MCLA 722.23; MSA 25.312[3], GCR 1963, 517.1).

Appeal from Oakland, William J. Beer, J. Submitted November 10, 1976, at Lansing. (Docket No. 28222.) Decided February 3, 1977.

Complaint by Patricia J. Lewis against Gabriel N. Lewis, Jr., for divorce. Cross-complaint by defendant. Judgment for defendant granting divorce and child custody. Plaintiff moved to reopen the case as to child custody. Motion denied. Plaintiff appeals. Reversed and remanded.

*Paul G. Valentino,* for plaintiff.

*Leon H. Hubbard,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. C. RILEY, JJ.

M. F. CAVANAGH, J. Plaintiff and defendant were married on February 15, 1964. The marriage produced four sons: Daniel Joseph, Edward Andrew, Matthew Allen, and Gabriel Nicholas, III, whose ages at trial were 5, 6, 9 and 11, respectively. Plaintiff filed for divorce on November 7, 1975, and by interim order was granted temporary custody of the children.

Both parents sought permanent custody of the children at trial. The trial court heard two days of testimony on the custody issue, but twice refused the plaintiff's request to interview the children to obtain their custody preference. At the conclusion of the trial, the court granted the defendant's cross-complaint for divorce and granted the defendant's request for permanent custody of the children, subject to weekend visitation rights of the plaintiff. Upon denial of her motion to reopen

the case as to custody, the plaintiff brought this appeal as of right. We reverse and remand for new child custody proceedings.

The Legislature comprehensively reformed the Michigan child custody laws by enactment of the Child Custody Act of 1970, 1970 PA 91, MCLA 722.21 *et seq.;* MSA 25.312(1) *et seq.* As noted by the trial judge in this case, under the old statute, 1873 PA 192, MCLA 722.541; MSA 25.311, the mother was presumptively entitled to the custody of children under the age of 12, while children over the age of 12 were presumed to need the guidance of their father. The present law recognizes the inherent rights of the children and directs the trial court to award custody in accord with the "best interests of the child". MCLA 722.25; MSA 25.312(5). The statute requires the court to determine the best interests of the child through the evaluation and consideration of particular factors. MCLA 722.23; MSA 25.312(3) provides:

" 'Best interests of the child' means the sum total of the following factors to be considered, evaluated and determined by the court:

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home.

"(f) The moral fitness of the competing parties.

"(g) The mental and physical health of the competing parties.

"(h) The home, school and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute."

The Child Custody Act provides an explicit standard for appellate review of child custody orders. MCLA 722.28; MSA 25.312(8) provides:

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

This standard of review is meaningful only if the trial court fulfills its duty under GCR 1963, 517.1 to make definite findings of fact and to state its conclusions of law. *In re Custody of James B,* 66 Mich App 133; 238 NW2d 550 (1975). That duty extends to determination and explicit consideration of each of the applicable factors contained in MCLA 722.23; MSA 25.312(3). *Zawisa v Zawisa,* 61 Mich App 1, 3; 232 NW2d 275, 277 (1975).

Although the trial judge's decision from the bench indicates that he considered some of the factors listed in the statute, he refused without explanation to interview the children to ascertain their preference, as is provided in MCLA 722.23(i); MSA 25.312(3)(i). This alone was reversible error. *In re Custody of James B, supra.* Consideration of

factors (d) through (i) of the statute nowhere appears in the record. The factor most emphasized by the trial court was the need for discipline which would result from the presence of the father; while that factor is relevant, the Legislature did not intend for it to be determinative. We note that the record contains unresolved factual controversies regarding the mental and physical health of the father, the home, school, and community record of the children, and the stability and continuity of the custodial environment.

Where the trial court has failed to analyze the issue of child custody in accord with the mandates of MCLA 722.23; MSA 25.312(3) and to make reviewable findings of fact under GCR 1963, 517.1, the proper remedy is to remand for a new child custody hearing. *Zawisa v Zawisa, supra.* While in other cases it may suffice to remand for explication of the trial court's decision, *cf., Ray v Mason County Drain Commissioner,* 393 Mich 294, 303; 224 NW2d 883, 886 (1975), the record indicates that the circumstances of the parties may have changed since entry of the custody order. We therefore determine that a new hearing is appropriate. A review of the record persuades us that the new hearing should be before a different judge. On remand, the parties shall be allowed the opportunity to introduce new evidence and the friend of the court shall prepare a current report and recommendation for the trial court's consideration. The trial court shall apply the relevant portions of the Child Custody Act and render a decision in accord with GCR 1963, 517.1.

Reversed and remanded for proceedings consistent with this opinion. The provisions of the present custody order shall remain in effect until a custody hearing is conducted in accord with this opinion. No costs are awarded.