BARNES v BARNES

1. DIVORCE—INFANTS—CHILD CUSTODY—BEST INTEREST OF CHILD—
   CHILD CUSTODY ACT—STATUTES—FINDINGS OF TRIAL COURT.

   The trial court in a custody dispute where the best interest of the
   child is at issue has an obligation to consider, evaluate and
   determine all of the factors enumerated in the Child Custody
   Act for determining what is the best interest of the child, and
   the findings of the trial court as to each factor must be stated
   in the record (MCLA 722.23; MSA 25.312[3], GCR 1963, 517.1).

2. DIVORCE—INFANTS—CHILD CUSTODY—BEST INTEREST OF CHILD—
   FINDINGS OF FACT—RECORD—REMAND—STATUTES.

   Remand to the trial court for supplementation of the findings of
   fact and conclusions of law relating to the statutory factors for
   determination of the best interests of the child is appropriate
   where the trial court in a custody dispute in which the best
   interest of the child was at issue failed to make specific findings
   of fact and conclusions of law on that issue as required by
   statute (MCLA 722.23; MSA 25.312[3]).

Appeal from Oakland, Richard D. Kuhn, J. Submitted June 24, 1977, at Detroit. (Docket No. 77-76.) Decided July 26, 1977.

Complaint by Linda Barnes against Joseph Barnes for a divorce. Divorce granted. Defendant's petition to gain custody of their children denied. Defendant appeals. Remanded for further proceedings.

*Maile and Leach* (by *Randall Winston*), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation § 783 *et seq.*
    76 Am Jur 2d, Trial § 1252 *et seq.*

*Stoller, Talpos, Arnold & Rooyakker,* for defendant.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

PER CURIAM. Defendant appeals a denial of his petition for a change in the custody of his three children, currently residing with his former wife, the plaintiff. The present state of the record precludes us from making a determination in this matter.

The trial record is deficient in the findings of fact required by MCLA 722.23; MSA 25.312(3) and GCR 1963, 517.1. Where the best interest of the child is at issue, as it was in this case, the court must "consider, evaluate and determine" all of the factors enumerated in the Child Custody Act, MCLA 722.21 *et seq.;* MSA 25.312(1) *et seq.*

Numerous cases involving child custody have been remanded by this Court because of inadequate findings of fact on the trial record. See, *e.g., In re Custody of James B,* 66 Mich App 133; 238 NW2d 550 (1975), *Zawisa v Zawisa,* 61 Mich App 1; 232 NW2d 275 (1975). Child custody matters are, at best, emotionally traumatic for all parties concerned, and it is only with reluctance that we protract the trauma by remand.

We are unable to discern why such action should be so frequently necessary. The Child Custody Act of 1970 has been in effect since 1971 and provides a checklist of required factual findings to be made by the trial court. Observance of the statute is required.

The case is remanded to the trial court for supplementation of the findings of fact and conclu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sions of law relating to the statutory factors for determination of the best interests of the child. If, in the judgment of the trial court or either party, additional testimony is required as to any of these factors, such testimony may be taken. Either party may move for a hearing for the taking of additional testimony by motion filed within 10 days after the release date of this opinion. Such hearing shall be held within 30 days after the filing of said motion. The court shall file its supplemental findings of fact and conclusions of law within 20 days after the conclusion of the hearing if one is required or within 30 days of the release date of this opinion if a supplemental hearing is not required.

We retain jurisdiction. Costs to abide the final result.