FLAHERTY v SMITH

Docket No. 78-976. Submitted October 18, 1978, at Detroit.—Decided
    December 6, 1978.

    Plaintiff James Flaherty was granted temporary custody of his
    seven-year-old stepchild after the death of the child's mother. A
    custody hearing was subsequently held, at the conclusion of
    which the Wayne Circuit Court, Christopher C. Brown, J.,
    granted immediate custody of the child to defendant Clara Mae
    Smith, the maternal grandmother. The Court of Appeals there-
    after granted plaintiff's motion for a stay of execution pending
    appeal. On appeal *held:*

    1. The trial court committed clear legal error on a major
    issue since it failed to consider, in determining the best inter-
    ests of the child, whether the child was capable of expressing a
    reasonable preference as to whom the child preferred to live
    with. There was evidence tending to establish that the child
    was able to express a reasonable preference and preferred to
    continue to live with the plaintiff.

    2. In a case such as this one, where the custody issue was a
    close one, an expression of preference by an intelligent, unbi-
    ased child might be a determining factor in the decision as to
    what the best interests of the child are.

    3. The statements of the trial judge, coupled with his inabil-
    ity to follow the evidence and clear precedent, suggest a strong
    preexisting opinion, therefore it is advisable that the case be
    heard by a different judge on remand.

    Reversed and remanded.

    BEASLEY, P.J., dissented and would hold that the complex
    inter-racial factors present suggest that the trial judge was

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 42 Am Jur 2d, Infants § 43.
[3, 4] 42 Am Jur 2d, Infants §§ 44-46.
    Child's wishes as factor in awarding custody. 4 ALR3d 1396.
[5] 42 Am Jur 2d, Infants §§ 32, 44.
    Propriety of court conducting private interview with child in deter-
    mining custody. 99 ALR2d 954.

correct in declining to expose the child to the inevitable pressures involved in extracting an expression of preference.

The Child Custody Act does not require that in every case the trial judge conduct some kind of on-the-record hearing with the child to determine whether the child should be required to express a preference. In many cases, the best interests of the child are served by declining to force the child to express a preference.

There is nothing in the record to suggest a basis for taking this case from the trial judge and assigning it to another judge on remand.

### OPINION OF THE COURT

1. INFANTS—APPEAL AND ERROR—CHILD CUSTODY ACT—CUSTODY DISPUTES—FINDINGS OF FACT—ABUSE OF DISCRETION—LEGAL ERROR—STATUTES.

     The Child Custody Act provides that all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

2. INFANTS—CHILD CUSTODY DISPUTES—BEST INTERESTS OF CHILD—FACTORS—CHILD CUSTODY ACT—STATUTES.

     The best interests of the child, as determined through an evaluation of the factors listed in the Child Custody Act, control a determination of child custody (MCL 722.23; MSA 25.312[3]).

3. APPEAL AND ERROR—INFANTS—CHILD CUSTODY DISPUTES—BEST INTERESTS OF CHILD—CHILD'S PREFERENCE—STATUTES.

     A trial court committed a clear legal error on a major issue in a custody dispute over a seven-year-old child where it failed to consider, in determining the best interests of the child, whether the child was capable of expressing a reasonable preference as to whom the child preferred to live with since the court was of the opinion that a seven-year-old child was not in a position to voice such an opinion where the custody issue was a close one and there was evidence tending to establish that the child was able to express a reasonable preference (MCL 722.23; MSA 25.312[3]).

### DISSENT BY BEASLEY, P.J.

4. INFANTS—CHILD CUSTODY DISPUTES—BEST INTERESTS OF CHILD—CHILD'S CUSTODIAL PREFERENCE.

     *The overriding consideration in custody matters is the best interest of the child; the best interest of the child is served, in*

*many cases, by declining to force a child to express a custodial preference between the parties.*

5. INFANTS—CHILD CUSTODY ACT—RECORD—CHILD'S CUSTODIAL PREFERENCE—STATUTES.

   *The Child Custody Act does not require a trial judge to conduct some kind of on-the-record hearing or interview with the child in every child custody case in order to determine whether the child should be required to express a custodial preference between the parties (MCL 722.21 et seq.; MSA 25.312[1] et seq.)*

*Marianne O. Battani,* for plaintiff.

*Bell & Hudson, P.C.* (by *Edward F. Bell* and *Ronald A. Molter),* for defendant.

Before: BEASLEY, P.J., and R. B. BURNS and J. H. VANDER WAL,* JJ.

PER CURIAM. This case involves a custody dispute between a 7-year-old child's stepfather and maternal grandmother. Following the death of the child's mother, plaintiff stepfather sought and was granted temporary custody. A custody hearing was subsequently held, at the conclusion of which the trial court granted immediate custody of the child to defendant grandmother. This Court granted a stay pending appeal.

On review, we are limited to a determination of whether the trial court made findings of fact against the great weight of evidence, committed a palpable abuse of discretion, or committed a clear legal error on a major issue. MCL 722.28; MSA 25.312(8). We conclude that the trial court committed a clear legal error on a major issue.

Under the Child Custody Act, the best interests of the child, as determined through evaluation of the factors listed in MCL 722.23; MSA 25.312(3), control the determination of custody. One factor to be considered is:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference."

In *In re Custody of James B*, 66 Mich App 133; 238 NW2d 550 (1975), a trial court declined to interview a 4-year-old child as to its preference, because the trial court did not deem the child to be of sufficient age to express a preference. No record had been made as to whether the child was capable of expressing a reasonable preference. This Court observed that, in a close case, an expression of preference by an intelligent, unbiased child might be a determining factor in the decision as to what the best interests of the child are. This Court remanded for a determination of the child's ability to express a reasonable preference, and such further action as circumstances warranted. This decision has been subsequently reaffirmed by this Court. *Lewis v Lewis*, 73 Mich App 563; 252 NW2d 237 (1977), *cf., Barnes v Barnes*, 77 Mich App 112; 258 NW2d 65 (1977).

In the instant case, plaintiff's counsel inquired as to the judge's desire regarding an interview of the child. The judge responded:

"I don't have any desire. The Court is of the opinion that a seven year old is not in a position to voice his opinion as to whom it should live with. Despite the fact that the seven year old might have stated to anyone that it had a preference to live at a particular place or with a particular individual. This Court is not going to take that into consideration. So there is no [n]ecessity for me to talk to the seven year old child.

"MS. BATTANI: Excuse me Your Honor, but I believe that it has frequently been held in Lewis versus Lewis *[Lewis v Lewis, supra]* and Barns versus Barns *[sic] [Barnes v Barnes, supra]* and custody of James *[In re Custody of James B, supra]* that the Court must have

a[n] evidentiary hearing as to whether or not the child is able to express an opinion.

"THE COURT: I don't think so. I don't think that is a correct interpretation of that case. These guidelines indicate that, if the Court deems the child to be of sufficient age to express a preference. I am deeming that a seven year old is not.

"MS. BATTANI: Your Honor, you are deeming this without even interviewing the child?

"THE COURT: He is seven years old. I don't think a seven year old has the ability too *[sic]*. That is the Court ruling and it is stated for the record.

"MS. BATTANI: For the record, I would like my objections noted.

"THE COURT: It is noted."

At the conclusion of the hearing, while discussing his evaluation of the factors listed in MCL 722.23; MSA 25.312(3), the judge stated:

"The Court, in this particular instance, is of the opinion that a seven year old child is just not in the position to voice a determination as to who he shall live with. He hasn't lived long enough and experienced enough. He is not able to make any kind of rational determination about his own well being. How could any of us listen to a seven year old child and arrive at a conclusion that he knows what is best for him. I would venture to say, that we would be held responsible if we let a seven year old, under our custody and control, decide his future."

As in *James B,* the custody issue was a close one. Unlike *James B,* there was evidence tending to establish that the child was able to express a reasonable preference and preferred to continue to live with plaintiff.

The statement of the judge, coupled with his inability to follow the evidence and clear precedent, suggest such a strong preexisting opinion on

this issue that we think it advisable that the case be heard by a different judge on remand. See *Lewis v Lewis, supra,* at 567; 252 NW2d at 239. That judge shall beview the record *de novo;* determine whether the child is capable of expressing a reasonable preference, and, if so, what that preference is, *In re Custody of James B, supra,* and may supplement the record if the delay caused by this error so necessitates, *Roudabush v Roudabush,* 62 Mich App 391, 395; 233 NW2d 596, 597 (1975).

Reversed and remanded. No costs.

BEASLEY, J. *(dissenting).* I respectfully dissent.

The majority hold that the trial judge was in error in declining to interview a 7-year-old child to ascertain whether he had a custodial preference between his maternal grandmother and his stepfather.

In custody matters, by statute, case law and common sense, the paramount overriding consideration is the best interest of the child. In many cases, the best interest of the child is served by declining to force the child to express a preference.

The complex inter-racial factors present suggest that the trial judge was wise and correct in declining to expose the child to the inevitable pressures involved in extracting an expression of preference for appellate review.

I do not believe that the Child Custody Act of 1970, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq.,* requires that in *every* case the trial judge conduct some kind of on-the-record hearing or interview with the child to determine whether the child should be required to express a preference. Contrary to *In re Custody of James B,*[1] I doubt that the Supreme Court will find that a 4-year-old is of

---

[1] 66 Mich App 133; 238 NW2d 550 (1975).

sufficient age to express a preference, or that it is error for a trial judge to decline to force a 4-year-old child to testify so that an appellate court will have a record to review.

In the within case, the trial judge has made his position clear. He did not believe the 7-year-old was of sufficient age to express a preference. Obviously, the trial judge assumed that if asked, the 7-year-old would express a preference to stay with the stepfather. Apparently, the trial judge also believes it will not serve the child's best interest to probe for the reason for his preference.

Last, I find nothing in this record to suggest a basis for taking this case from the trial judge who heard and decided it and to assign it to another judge on remand.

I would vote to affirm.