FLETCHER v FLETCHER

Docket No. 151145. Submitted December 9, 1992, at Detroit. Decided July 6, 1993, at 9:25 A.M. Leave to appeal sought.

John D. Fletcher obtained a divorce from Debra M. Fletcher in the Macomb Circuit Court, Peter J. Maceroni, J. The judgment incorporated an order for custody of the parties' three minor children entered by Michael D. Schwartz, J., that awarded physical custody of the children to the plaintiff. The defendant appealed.

The Court of Appeals *held:*

1. The Court of Appeals may review de novo the dispositional ruling of a trial court in child custody matters if it concludes that the trial court has made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

2. The trial court in this case made findings of fact against the great weight of the evidence and clear legal error on a major issue.

3. In child custody cases, the Court of Appeals reviews a trial court's findings of fact under the clearly erroneous standard. This is not review de novo, and the decision of the trial court will be affirmed if the court's view of the evidence is plausible. Otherwise, the Court of Appeals reviews de novo the child custody decision, and will affirm unless the trial court committed a palpable abuse of discretion or a clear legal error on a major issue. Because child custody decisions are dispositional in nature, the trial court's ultimate disposition is subject to review de novo.

4. The trial court's findings of fact in this case clearly were erroneous with regard to the best interest of the child factors b,

REFERENCES

Am Jur 2d, Appeal and Error §§ 839-845, 868, 959; Divorce and Separation § 979.

Propriety of provision of custody or visitation order designed to insulate child from parent's extramarital sexual relationships. 40 ALR4th 812.

Custodial parent's sexual relations with third person as justifying modification of child custody order. 100 ALR3d 625.

e, and f, MCL 722.23; MSA 25.312(3). The court erred in finding these factors in favor of the plaintiff. Furthermore, the trial court's conclusion that the defendant's alleged extramarital affairs, of which the children had no knowledge, demonstrated a poor moral example for the children was a clear legal error on a major issue. The trial court's finding regarding the issue of morality, factor f, also affected its findings regarding factors b and e that it weighed in favor of the plaintiff and indicates that it placed excessive weight on factor f.

5. In light of the trial court's clearly erroneous findings of fact regarding factor f and clear legal errors regarding factors b, e, and f, the Court of Appeals may review de novo the trial court's ultimate disposition in awarding custody to the plaintiff.

6. Review de novo by the Court of Appeals indicates that the parties are equal with regard to all the factors except factor i, the reasonable preference of the children, which favors the defendant. Therefore, physical custody must be awarded to the defendant. The order granting custody to the plaintiff is reversed and the matter remanded to the trial court for appropriate changes in the judgment of divorce regarding visitation and child support.

7. The Court of Appeals may change the dispositional ruling in a child custody dispute without a remand where, pursuant to the clearly erroneous standard, the trial court came to the wrong conclusion regarding some child custody factors and, pursuant to the clear legal error standard, erred with regard to other factors, and the Court of Appeals, on the record presented in light of such errors, can conclude that the child custody factors taken as a whole were weighed erroneously in favor of the wrong party.

Reversed and remanded.

L.P. BORRELLO, J., concurred in the result, but stated that the Court of Appeals cannot conduct review de novo in either divorce or custody cases. The standard of review in child custody cases, set forth in MCL 722.28; MSA 25.312(8), precludes review de novo in child custody cases.

1. DIVORCE — APPEAL — FINDINGS OF FACT — DISPOSITIONAL RULINGS — CONCLUSIONS OF LAW — REVIEW DE NOVO.

A trial court's findings of fact in a divorce case are not reviewed de novo but are subject to the clearly erroneous standard of review; the trial court's dispositional rulings, conclusions of law, findings derived from an erroneous application of law to facts, or factual findings that may have been influenced by an

incorrect view of the law are matters that may be reviewed de novo (MCL 722.28; MSA 25.312[8]).

2. DIVORCE — CHILD CUSTODY — APPEAL — FINDINGS OF FACT — CLEAR ERROR — REVIEW DE NOVO.

The Court of Appeals reviews a trial court's findings of fact in child custody cases pursuant to the clearly erroneous standard; this is not review de novo, and the decision of the trial court will not be reversed where its view of the evidence is plausible; with regard to the trial court's dispositional rulings, the Court of Appeals will review de novo the child custody decision and will affirm unless the trial court committed a palpable abuse of discretion or a clear legal error on a major issue.

3. DIVORCE — CHILD CUSTODY — BEST INTERESTS OF CHILD — IMMORALITY — UNMARRIED COHABITATION.

Unmarried cohabitation is not enough to constitute immorality under the Child Custody Act; without more, a finding that a party engaged in extramarital affairs does not support a conclusion that the party behaved immorally (MCL 722.23[f]; MSA 25.312[3][f]).

4. DIVORCE — CHILD CUSTODY — APPEAL — DISPOSITIONAL RULINGS — REMAND.

The Court of Appeals may change the dispositional ruling in a child custody dispute without a remand where, pursuant to the clearly erroneous standard, the trial court came to the wrong conclusion regarding some of the child custody factors and, pursuant to the clear legal error standard, erred with regard to other factors, and the Court of Appeals can conclude from the record presented in light of such errors that the child custody factors taken as a whole were weighed erroneously in favor of the wrong party (MCL 722.23; MSA 25.312[3]).

5. DIVORCE — CHILD CUSTODY — APPEAL — REVIEW DE NOVO — DISPOSITIONAL RULINGS.

The Court of Appeals may review de novo the dispositional ruling of a trial court in a child custody dispute only after finding that the trial court either has made findings of fact against the great weight of the evidence or has committed a palpable abuse of discretion or a clear legal error on a major issue.

*Marilyn A. Knak,* for the plaintiff.

*Henry E. Sarnacki,* for the defendant.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

SHEPHERD, P.J. Defendant, Debra Mae Fletcher, appeals as of right from a December 17, 1991, order awarding physical custody of the parties' children to plaintiff, John David Fletcher. The custody order was incorporated in a judgment of divorce issued on April 7, 1992, wherein defendant was given visitation rights and ordered to pay support. We reverse and award physical custody of the children to defendant.

The parties were married on August 8, 1975, and have three minor children: Nicole, born June 3, 1980; Erika, born March 3, 1984; and Stephen, born July 5, 1988. On April 11, 1990, plaintiff filed for divorce. Pursuant to an interim order, both parties were awarded temporary joint legal custody of the children. During the pendency of the divorce proceedings, both parties and their children continued to reside in the marital home.

After the friend of the court investigator issued a custody report recommending that physical custody of the children be awarded to defendant, the matter was referred to a referee. Evidentiary hearings regarding the issue of custody were held before the referee in October 1990 and January 1991. The referee also interviewed Nicole and Erika. In a report issued on March 29, 1991, the referee recommended that physical custody be awarded to defendant.

On April 19, 1991, plaintiff requested a hearing de novo in the circuit court. On May 13, 1992, the trial court issued a consent order providing, inter alia, that it would take testimony only from the parties and would not allow any testimony that was redundant to that given in the prior hearings.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

An evidentiary hearing was held, and the court also interviewed Nicole and Erika. In an opinion entered on December 3, 1991, which was incorporated in the judgment of divorce, the trial court granted physical custody of the parties' children to plaintiff.

I

In *Truitt v Truitt,* 172 Mich App 38, 42; 431 NW2d 454 (1988), this Court stated that our review of child custody decisions is de novo, as limited by § 8 of the Child Custody Act, MCL 722.28; MSA 25.312(8), which provides:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

In addition to the de novo standard of review, as limited by the statute, this Court is also obligated to review divorce cases in accordance with *Beason v Beason,* 435 Mich 791, 798; 460 NW2d 207 (1990). In *Beason,* p 798, the Court pointed out:

> In a divorce case, the trial judge performs two distinct functions. First, the court must find facts on the basis of the evidence presented, and then the court must exercise its discretion in fashioning a disposition. In its fact-finding role, the trial court must hear the evidence, choose which witnesses to credit when the evidence conflicts, and, pursuant to MCR 2.517, must place findings of fact on the record or in a written opinion. Upon the basis of the facts, the trial court must then make a disposition of the case. Before the advent of no-fault

divorce, the ultimate dispositional ruling was whether a divorce should be granted. Today, the court still must exercise its discretion in fixing the amount of alimony or child support, in dividing property between the parties, or in modifying provisions of the divorce judgment. All of these are dispositional rulings. The trial court's disposition is of course intimately related to its findings of fact, yet it is distinct.

In view of the hybrid nature of divorce cases, the *Beason* Court acknowledged that appellate review of divorce cases is not truly de novo because appellate courts properly defer to the factual findings of a trial court. Accordingly, a trial court's findings of fact in a divorce case are not reviewed de novo but are subject to the clearly erroneous standard. As the *Beason* Court noted, p 805:

> A finding is clearly erroneous if the appellate court, on all the evidence, is left with a definite and firm conviction that a mistake has been committed. While this standard gives the appellate judge more latitude than when reviewing a trial by jury, it does not authorize a reviewing court to substitute its judgment for that of the trial court; if the trial court's view of the evidence is plausible, the reviewing court may not reverse.

Nonetheless, the Court made clear in *Beason,* pp 804-805, that the clearly erroneous standard does not apply to "[t]he trial court's conclusions of law . . . [w]here a finding is derived from an erroneous application of law to facts," or "where the trial judge's factual findings may have been influenced by an incorrect view of the law." Review of these matters is subject to the de novo standard. In addition, dispositional rulings are reviewed de novo.

In an effort to read the appellate standard of

review provision of the Child Custody Act as interpreted by this Court harmoniously with *Beason,* there arises a conflict regarding the standard applicable to the review of a trial court's findings of fact in a child custody case. Although the statutory standard as interpreted by this Court states that, upon review de novo, we are to affirm unless the trial court's findings are against the great weight of the evidence, *Beason* applies the clearly erroneous standard, which is not subject to review de novo. These two review standards are simply irreconcilable. Under the great weight of the evidence standard, we are compelled to affirm the decision of the trial court in a child custody matter unless this Court makes a determination de novo that there exists overwhelming evidence against the trial court's findings. Under the clearly erroneous standard, we must affirm if the trial court's view of the evidence is plausible.

In view of the conflict, we are constrained to apply *Beason* in reviewing the trial court's findings of fact in a child custody case. Under the rule of stare decisis, the Court of Appeals must follow decisions of our Supreme Court, even if this Court disagrees with them or believes them to be in error. *Schwartz v Flint (After Remand),* 120 Mich App 449, 462; 329 NW2d 26 (1982), rev'd on other grounds 426 Mich 295; 395 NW2d 678 (1986).

Accordingly, the following standards of appellate review apply in child custody cases. In accord with *Beason,* this Court reviews the trial court's findings of fact under the clearly erroneous standard. This review is not de novo. We will not reverse the decision of the trial court if the trial court's view of the evidence is plausible. Otherwise, this Court will review de novo the child custody decision. However, as provided by statute, we will affirm the trial court's decision unless the trial court commit-

ted a palpable abuse of discretion or a clear legal error on a major issue. Because child custody decisions are dispositional in nature, the trial court's ultimate disposition is subject to review de novo. *Id.; Schubring v Schubring,* 190 Mich App 468; 476 NW2d 434 (1991).

We are aware of the fact that it is an apparent contradiction in terms for us to say that we review a matter de novo but will not reverse unless there was an abuse of discretion or clear legal error on a major issue. Under review de novo, a reviewing court gives no deference to the trial court and views the case with fresh eyes. See *Dep't of Civil Rights ex rel Johnson v Silver Dollar Cafe,* 441 Mich 110, 115-116; 490 NW2d 337 (1992). Under the abuse of discretion standard, considerable deference is given the trial court. The clear legal error standard of review is somewhere in between the other standards. Thus, at various times we have been instructed by the Legislature or the Supreme Court to apply simultaneously every standard of review known to the law. We will do the best we can.

II

In determining the best interests of children in custody cases, the trial court must consider each of the eleven factors listed in § 3 of the Child Custody Act, MCL 722.23; MSA 25.312(3), which provides:

> "Best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:
> (a) The love, affection, and other emotional ties existing between the parties involved and the child.
> (b) The capacity and disposition of the parties involved to give the child love, affection, and guid-

ance and continuation of the educating and raising of the child in its religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.

(k) Any other factor considered by the court to be relevant to a particular child custody dispute.

The trial court must consider and state its findings and conclusions regarding each of these factors. *Helms v Helms,* 185 Mich App 680, 683; 462 NW2d 812 (1990). The failure of the trial court to make such specific findings with regard to these factors constitutes error requiring reversal. *Schubring, supra,* p 470.

In the present case, the trial court considered factors a through j and found that the parties were equal with respect to all the factors except for b, e, and f, which favored plaintiff. Because we believe that the trial court committed error in finding these factors in favor of plaintiff, we reverse the

trial court's award of physical custody of the children to plaintiff.

Although the trial court's findings of fact were not clearly erroneous with regard to the factors where the parties were equal or where no weight was assigned, the trial court's findings of fact were clearly erroneous with regard to factor f. The trial court stated with regard to that factor:

> The Court is of the opinion that the moral fitness factor favors plaintiff under the circumstances. Defendant does not dispute that she engaged in extra-marital affairs during the past few years. The Court is of the opinion that this demonstrates a poor moral example for the children and thus finds this factor in favor of plaintiff.

Although the record reveals that defendant did not admit that she had engaged in extramarital affairs, defendant apparently admitted one affair during the friend of the court hearings and there was some evidence of another. Even assuming that there was evidence supporting the existence of two extramarital affairs, the evidence was clear that the children had no knowledge of them. Given that the children had no knowledge of defendant's affairs, there was no reason for finding that defendant's affairs established a poor moral example for the children. Under the circumstances, the affairs could establish a poor moral example only if the children knew about them. Because there were no findings of fact demonstrating a poor moral example for the children, there was no reason for finding this factor in favor of plaintiff.

Moreover, the trial court's conclusion that defendant's affairs demonstrated a poor moral example for the children evinced a clear legal error on a major issue. In *Truitt, supra,* p 46, this Court stated that "[s]tanding alone, unmarried cohabita-

tion is not enough to constitute immorality under the Child Custody Act." Previously, a panel of this Court also observed that a mother's acts of adultery do not necessarily preclude her from having custody of her children. *Williamson v Williamson,* 122 Mich App 667, 673; 333 NW2d 6 (1982). Even if defendant engaged in extramarital affairs, this finding, standing alone, is not sufficient to support the trial court's conclusion that defendant behaved immorally. This finding is a clear legal error that requires reversal.

We are also convinced that the trial court's finding regarding the issue of morality also affected its findings regarding the other factors that it weighed in favor of plaintiff, and indicate that it placed excessive weight on factor f.

Our review reveals that the trial court committed clear legal error with regard to factors b and e, which it also ruled were in favor of plaintiff.

With regard to factor b, the trial court initially observed:

> The Court does not find a significant difference between the parties in their capacity and disposition to raise the children in their religion or creed. However, the Court finds some difference between the parties in their capacity and disposition to give the children love, affection and guidance in the continuation of their education.

The court then made the following findings of fact:

> The evidence shows that it is plaintiff who has done the most care for the children on the typical day and that he wakes the children, fixes breakfast, supervises dressing and hygiene and takes the children to school and the baby-sitter. He also shares in routine household duties including cooking, cleaning and grocery shopping. He does all the laundry, home repairs and lawn work.

The trial court concluded:

> While the assignment of part of these tasks to plaintiff was because of the fact that defendant goes to work earlier, the Court is persuaded on balance that this factor favors plaintiff.

The trial court's language, taken by itself, is not adequate for us to determine whether the court was correct in concluding that the facts weighed in favor of plaintiff. Here, the trial court, while claiming that it was balancing, only presented a one-sided account of the facts. In order for us to decide whether the facts on balance favored plaintiff, it was necessary for the trial court to make specific findings about those facts that favored defendant. This the trial court failed to do, even though the record shows that defendant was more involved in the daughters' academic affairs and extracurricular activities, and was relied upon by them to answer questions regarding personal matters, especially concerning their sexual maturation. If the facts are truly being balanced, then the trial court must fairly present both sides and not simply those facts that favor one party. Although the trial court's findings of fact need not be extensive, it is simply insufficient to state facts that favor only one party under the guise of balancing.

By taking into account the facts that favor defendant, our review of the record reveals that both parties were equal with respect to factor b, possessing the capacity, i.e., ability, and the disposition, i.e., willingness, to provide love, affection, and guidance in educating and raising the children.

The trial court also committed clear legal error on a major issue with respect to factor e, which provides:

The permanence, as a family unit, of the existing or proposed custodial home or homes.

Here, the trial court remarked:

The Court is satisfied that either parent would provide permanence, as a family unit, and would offer acceptable custodial homes. It is undisputed that plaintiff as a father is accustomed to and willing to preform [sic] the day to day jobs to maintain a household. The Court feels that some weight should be assigned in favor of plaintiff because the evidence shows that defendant had been out of the home in the evening many times and thus not caring for the family while plaintiff has been present on those occasions.

Although the trial court initially recognized that "either parent would provide permanence, as a family unit," the trial court also stated that they "would offer acceptable custodial homes." We note that the standard of acceptability of the custodial home is not found in factor e, and that the trial court committed clear legal error in applying it. This factor exclusively concerns whether the family unit will remain intact, not an evaluation about whether one custodial home would be more acceptable than the other.

However, after committing this legal error, the trial court then introduced evidence that appeared to bear on the standard of providing an acceptable custodial home but which was irrelevant to the issue at hand. The trial court's findings regarding factor e were thus "derived from an erroneous application of law to facts." *Beason, supra,* p 804. Moreover, we note that the fact that "defendant had been out of the home in the evening many times and thus not caring for the family while plaintiff has been present on those occasions" was addressed by factors b and c.

In our review of the record, we conclude that the parties are equal with respect to this factor. In this case, there was no danger of the family unit splitting up, regardless of which party was awarded custody. Because the evidence favors neither party, we find the parties to be equally positioned to provide permanence as single-parent family units.

In light of the trial court's clearly erroneous findings of fact regarding factor f and clear legal errors regarding factors b, e, and f, we are allowed to review de novo the trial court's ultimate disposition in awarding custody of the minor children to plaintiff. On review de novo, we conclude that the parties are equal with regard to all the factors except factor i (reasonable preference of the children), which favors defendant. Because this factor favors defendant, we thus award physical custody of the children to her.

As a general rule, a trial court must state on the record whether children were able to express a reasonable preference and whether their preferences were considered by the court, but need not violate their confidence by disclosing their choices. *Wilson v Gauck,* 167 Mich App 90, 97; 421 NW2d 582 (1988). In *Flaherty v Smith,* 87 Mich App 561, 564; 274 NW2d 72 (1978), this Court, in discussing *In re Custody of James B,* 66 Mich App 133; 238 NW2d 550 (1975), noted that where the custody issue is a close call, "an expression of preference by an intelligent, unbiased child might be a determining factor in the decision as to what the best interests of the child are." See also *Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977).

With regard to factor i, the trial court stated:

The Court has interviewed the children in cham-

bers and has considered the reasonable preferences of the children in making its decision.

We first note that this statement by the trial court is not a finding that this child custody factor favors either party. Secondly, although the trial court was not required to disclose the preferences of the two older children in order to protect their confidence, a review of the record reveals that the parties freely acknowledged that both Nicole and Erika preferred to remain with their mother. As the record indicates, the parties' daughters, particularly Nicole, readily confide in their mother about personal matters, particularly regarding their sexual development. In view of the needs of the daughters, we believe that their acknowledged preference to be with their mother is reasonable. Consequently, we weigh this factor in favor of defendant.

Given that the parties are equal on all the factors, except factor i, which favors defendant, we conclude that awarding physical custody to defendant is in the best interests of the children. We therefore reverse the court's order granting physical custody to plaintiff and remand to the trial court so that it may make the appropriate changes in the judgment of divorce regarding visitation and child support.

There is no question that we have changed the trial court's decision by applying a standard of review de novo. As the Supreme Court stated in *Dep't of Civil Rights, supra,* pp 115-116:

The term "de novo" has been defined as "anew; afresh; again; a second time; once more; in the same manner, or with the same effect." It has been said:

"The very concept, 'de novo' hearing, means that all matters therein in issue are to be considered

'anew; afresh; over again' . . . ." [*People v Bour-
don*, 10 Cal App 3d 878; 881; 89 Cal Rptr 415
(1970).]

To give meaning to the term "de novo," we must
hold that a circuit court, in reviewing a decision of
the Civil Rights Commission, *may substitute its
assessment for the findings, conclusion and deci-
sion* of the Civil Rights Commission. [Emphasis
supplied.]

After the extensive analysis in this opinion, one
may legitimately ask whether the Supreme Court
intended that anything should remain of review de
novo in divorce cases. It appears to us from an
analysis of the cases that review de novo has been
slowly eroded to the point of near extinction.
However, we conclude that something does remain
because the Supreme Court states in *Sparks v
Sparks*, 440 Mich 141, 149-150; 485 NW2d 893
(1992):

In *Beason* we did not eliminate de novo review
altogether, rather we distinguished factual find-
ings from dispositional rulings and held that "the
factual findings of a trial court in a divorce case
are to be reviewed for clear error." 435 Mich 805.
The clear error test has always been part of the
proper application of the de novo review standard,
but its application is confined to the review of
factual issues.

The *Sparks* Court added, pp 151-152:

To alleviate any possible confusion stemming
from our prior cases, we hold here that the appel-
late standard of review of dispositional rulings is
not limited to clear error or to abuse of discretion.
The appellate court must first review the trial
court's findings of fact under the clearly erroneous
standard. If the findings of fact are upheld, the
appellate court must decide whether the disposi-

tive ruling was fair and equitable in light of those facts. But because we recognize that the dispositional ruling is an exercise of discretion and that appellate courts are often reluctant to reverse such rulings, we hold that the ruling should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable.

This is clearly not review de novo and would appear on the surface to eliminate review de novo in spite of the statement in *Sparks* to the contrary.

In the face of such confusion, all we can do is state that in this case we have held that where, pursuant to the clearly erroneous standard, a trial court comes to the wrong conclusion regarding some child custody factors and, pursuant to the clear legal error standard, the trial court errs with regard to other factors, and where, on the record presented in light of such errors, this Court can conclude that the child custody factors taken as a whole were erroneously weighed in favor of the wrong party, we may change the dispositional ruling ourselves without a remand. This appears to us to be what remains of review de novo in a child custody case. We are satisfied that if we do not have this minimal vestige of review de novo, the review de novo standard does not exist in child custody cases.

In fact, review de novo in child custody cases continues to be applied in this Court even under MCL 722.28; MSA 25.312(8), which says:

To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

See *Theroux v Doerr,* 137 Mich App 147; 357 NW2d 327 (1984); *Schubring, supra,* cited in *Sparks, supra,* for the proposition that review de novo remains the standard after *Beason.*

From this we conclude that this Court may review de novo the dispositional ruling of a trial court, but only after we have concluded, as we do here, that the trial court has either made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. In this case, the trial court committed the first and third of these prohibitions and we are, therefore, free to review de novo the custody issue.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

BRENNAN, J., concurred.

L. P. BORRELLO, J. *(concurring).* I concur in the result. However, I write to hopefully clarify the standard of review in divorce and custody cases. Various panels of this Court keep referring to a review "de novo" in divorce and custody cases. I do not believe there is a review "de novo" in either divorce or custody cases. Hence, I must respectfully disagree with the majority when they state or infer that it is proper to continue to apply a review de novo standard in child custody cases.

In divorce cases, the factual findings of the trial court are reviewed by the "clearly erroneous standard." *Beason v Beason,* 435 Mich 791, 802-803; 460 NW2d 207 (1990).

Dispositional rulings on property division in divorce cases should be affirmed unless the appellate court is left with the firm conviction that the division was inequitable. *Sparks v Sparks,* 440 Mich 141, 151-152; 485 NW2d 893 (1992).

The standard of review in child custody cases is set forth in MCL 722.28; MSA 25.312(8) as stated in the majority opinion.

That statute specifically and unequivocally precludes review de novo in child custody cases. I believe the continued reference to a review "de novo" in divorce and custody cases is both confusing to the bench and bar and erroneous.