# STATE OF MICHIGAN

# COURT OF APPEALS

HEATHER ANN KIMBALL, formerly known as
HEATHER ANN PEARSON,

        Plaintiff-Appellee,

v

TIMOTHY ROLAND PEARSON, JR.,

        Defendant-Appellant.

UNPUBLISHED
July 25, 2017

No. 335639
Macomb Circuit Court
Family Division
LC No. 2010-002626-DM

Before: GLEICHER, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from the order of the trial court denying his motion to modify custody of the parties' three minor children, MP, RP, and DP. We vacate the trial court's decision and remand to that court for it to conduct an evidentiary hearing on defendant's motion.

The trial court denied defendant's motion after it determined he had not made the threshold showing of a proper cause or change in circumstances necessary to re-visit the previous custody order. Defendant then filed a motion for reconsideration submitting additional evidence for the trial court's review, but it denied that motion as well concluding that defendant had simply raised the same allegations and relied on evidence that could have been submitted with the original motion. We find no error in the trial court's initial decision to deny defendant's motion without holding an evidentiary hearing but conclude that upon being presented with the evidence in defendant's motion for reconsideration, it should have set the matter for an evidentiary hearing.

When a trial court is faced with a request to change child custody, it must first determine whether the proponent of the change has "established a change of circumstances or proper cause for a custodial change under MCL 722.27(1)(c)." *Kubicki v Sharpe*, 306 Mich App 525, 539-540; 858 NW2d 57 (2014). Proper cause exists if there are "appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka v Grasmeyer*, 259 Mich App 499, 511; 675 NW2d 847 (2003). A change of circumstances warranting a custody change exists if, "since the entry of the last order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513. We review

-1-

"a trial court's determination regarding whether a party has demonstrated proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). Under the great weight of the evidence standard we do not substitute our judgment on questions of fact unless they "clearly preponderate in the opposite direction." *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994) (quotations omitted).

The trial court originally denied defendant's motion finding that, while the parties had "disagreements about everything" and did not communicate well, there was no evidence that the disagreements or communication issues rose to the level of a proper cause or a change in circumstances to revisit the previous custody order. The trial court acknowledged that there had been an allegation that plaintiff's new husband, Rocky Kimball, had been abusive towards DP, but it found that the Department of Health and Human Services (DHHS) had not been able to substantiate the allegation.

Given the evidence defendant presented in support of his motion, this initial decision was not against the great weight of the evidence. Defendant filed his motion to change custody on July 20, 2016. The parties were officially divorced on April 11, 2011, and the custody order in place at the time of defendant's motion was from October 22, 2012. The record in this case clearly evidences years of contentious litigation between the parties concerning the schooling, medical treatment, and parenting time of their three minor children. The trial court's finding that the parties had disagreements about practically everything is clearly supported by the record. Additionally, the trial court was correct that the allegation of abuse had not been substantiated by the DHHS.

Defendant did raise numerous allegations of parental alienation, which the trial court did not specifically address. However, we have reviewed them and conclude that, at the time of the trial court's initial ruling, defendant had not provided sufficient evidentiary support for us to conclude that the trial court's decision was against the great weight of the evidence. Outside of his and his new wife's own statements, written in unattested and unsigned documents,[1] the only evidentiary support defendant provided for these allegations was a letter from the family's court appointed counselor, Laura Cardamone, in which she expressed some concerns about plaintiff's ability to recognize her need to modify her behavior. In the letter, Cardamone did document what she believed to be an incident where plaintiff "sabotage[ed] [defendant's] ability to see the [children's dance] recital." Cardamone also stated that based on the entirety of her sessions with the parents she had "great concern" for plaintiff's ability to facilitate a relationship between the children and defendant or engage in cooperative parenting.

---

[1] The first of these documents is a January 12, 2013 letter written by defendant and his new wife that appears to be directed to teachers or administrators at the children's school. The letter chronicles some of defendant's and his new wife's trouble with getting information from the school and the effect that this had MP's ability to perform one of her assignments. The other two documents are lengthy question and answer forms that each separately detail why, in defendant's and his new wife's opinion, each of the best interest factors in MCL 722.23 favor a change of custody.

While this letter does provide some support for defendant's motion the letter also states that it was not uncommon for defendant to get angry and frustrated during sessions and express his disbelief that the process would work. Taken in light of the parties' contentious history, the evidence did not so clearly preponderate against the trial court's decision as to render it erroneous. We conclude, however, that the trial court did err in refusing to set this matter for an evidentiary hearing after defendant submitted additional evidence to support his allegations in a motion for reconsideration. While the trial court may be correct that defendant could have submitted this additional evidence in his original motion, and while it is the general rule in civil litigation that a trial court does not abuse its discretion in denying a motion for reconsideration that rests "on a legal theory and facts which could have been pled or argued prior to the trial court's original order," *Charbeneau v Wayne Co Gen Hospital*, 158 Mich App 730, 733; 405 NW2d 151 (1987), this general principle must yield to the primary goal of child custody proceedings, the best interests of the child. See *Fletcher*, 447 Mich at 889 (stating that the "primary goal of the Child Custody Act" is "to secure custody decisions that are in the best interests of the child").

The additional evidence defendant submitted was two handwritten letters from MP and RP and a letter from the family's therapist, Josette Lucci. While the trial court was correct in its reluctance to rely on the letters from the two minor children and did not commit error in ordering those letters to be stricken from the record,[2] the letter from Lucci, especially when combined with the previously submitted letter from Cardamone, should have prompted the trial court to schedule an evidentiary hearing. Lucci's letter detailed serious concerns that plaintiff was attempting to alienate the children from defendant and that the children, particularly DP, had been subject to emotional and physical abuse at the hands of Rocky.

The letter stated in pertinent part:

A primary goal in therapy was to assist the children in coping with struggles resulting from their Mother's efforts to alienate them from their father. The children have great confusion resulting from statements and actions made by [plaintiff], such as; "Are you ready to come home to your real family", [sic]

---

[2] Although one factor that a trial court is to consider when evaluating a request for change of custody is "[t]he reasonable preference of the child, if the court considers the child to be of sufficient age to express [a] preference," MCL 722.23(i), the children's preference is obtained by the trial court in private during an in camera interview. *Molloy v Molloy*, 247 Mich App 348, 351, 357; 637 NW2d 803 (2001), rev'd in part on other grounds 466 Mich 852 (2002). Once the interview occurs, the trial court "must state on the record whether children were able to express a reasonable preference and whether their preferences were considered by the court." *Fletcher v Fletcher*, 200 Mich App 505, 518; 504 NW2d 684 (1993), rev'd in part on other grounds 447 Mich 871 (1994). "[B]ut [the trial court] need not violate the [children's] confidence by disclosing their choices." *Id*. In attaching MP's and RP's letters to his motion for reconsideration, defendant stripped them of their privacy. The trial court was rightfully concerned about having the children's opinions exposed on the public record and did not err in ordering that their letters be stricken. The trial court may consider the children's reasonable preferences if it decides to do so in an in camera meeting in the context of the evidentiary hearing.

"Your Dad's goal is to take you away from your Mom so you can never see her again", [sic] . . . "[G][3] is not your real brother". [sic] [Defendant] made efforts through sending of cards and gifts at the time of pick up and drop off. Each effort was followed by [plaintiff] throwing the item in the garbage or out of the window of the vehicle. RP states, "I felt like my Mom does not want me to be happy here. She only wants me to be happy there." It was evident to MP and RP that their Mom made significant efforts to disallow their father from attending their dance recital. Many sessions focused on the children's inability to contact their father while residing with their mother. The children desire to have open communication and opportunities to connect with their father while in their mother's custody. This conflict creates significant emotional struggles, which can have long-term impacts on each child.

The children discuss worries and fears related to their stepfather Rocky. This therapist contacted Protective Services on March 20, 2016, following statements made by each child regarding an incident in which DP was hit with the handle of a hammer. DP, RP and MP all report that DP is called names by his stepfather, is discouraged from crying and accused of being a little girl. DP has reporting [sic] incidents of having his hair pulled, being hit with a monopoly box, having hot sauce put in his mouth, being forced to stand in a corner holding hand weights for significant periods of time, and being slapped by Rocky. DP states that his stepfather does not like him. Both MP and RP report emotional distress due to listening to their brother cry himself to sleep following spankings from Rocky. According to the children, [plaintiff] attempts at times to protect DP, however, this results in conflict between [plaintiff] and Rocky and often Rocky leaves the home. According to DP, he is blamed for these fights between [plaintiff] and Stepfather.

The contents of Lucci's letter are, at best, disturbing, and the allegations, if true, have the potential to have a significant effect on the minor children's well-being, both presently and in the future. While the specific instance of DP being hit with the handle of a hammer was not been substantiated by the DHHS, Lucci's letter alleges and details a chronic history of emotional and physical abuse. This letter, when combined with Cardamone's letter, show that two professionals, both of whom have spent time with the children, have grave concerns that plaintiff is engaging in active efforts to alienate the children from defendant and that she is possibly subjecting the children to emotional or even physical abuse at the hands of her new husband. If these allegations are true, then the conditions surrounding the custody of the child have materially changed in a manner that could have a significant impact on their wellbeing. Upon being presented with Lucci's letter, the trial court should have set this matter for an evidentiary hearing to determine the extent to which the allegations in it were true, and, if so, what action needed to be taken for the best interests of the children. Given the parties' contentions and litigious history, the trial court's reluctance to consider the late-obtained letter from Lucci was understandable. However, the allegations are serious, and we conclude that declining to consider that evidence was error. Accordingly, we remand for the trial court to reconsider the threshold

---

[3] G is the child of defendant and his new wife.

question whether there has been a material change in circumstances after conducting an evidentiary hearing.

Defendant also argues on appeal that plaintiff should not be awarded any attorney fees related to his motion for reconsideration. There is no order in the record before this Court concerning an award of attorney fees regarding defendant's motion. Nor is there any indication in the Register of Actions before this Court that such an order was entered. Therefore, any dispute regarding attorney fees associated with defendant's motion for reconsideration is not ripe for review. *King v Michigan State Police Department*, 303 Mich App 162, 188; 841 NW2d 914 (2013) (stating that "a claim that rests on contingent future events is not ripe" for appellate review).

The decision of the trial court is vacated. We remand this case to the trial court so that it may conduct an evidentiary hearing on defendant's motion and reconsider its ruling. We retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

# Court of Appeals, State of Michigan

# ORDER

Heather Ann Kimball v Timothy Roland Pearson Jr

Docket No.     335639

LC No.     2010-002626 DM

Elizabeth L. Gleicher
Presiding Judge

Michael J. Kelly

Douglas B. Shapiro
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we remand this case to the trial court so that it may conduct an evidentiary hearing on defendant's motion and reconsider its ruling.  The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 25, 2017
Date

Chief Clerk